**Charles WARD, III, Appellant,**

v.

**Charles MALONE and Diana Malone, Appellees.**

No. 13–02–00587–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 28, 2003.

---

Bradford M. Condit, Corpus Christi, for Appellant.

Ward H. Thomas, Jr., Corpus Christi, for Appellees.

Before Justices HINOJOSA, YAÑEZ, and GARZA.

## OPINION

Opinion by Justice HINOJOSA.

Appellant, Charles Ward, III, filed two forcible detainer suits against appellees, Charles Malone and Diana Malone, in justice court following appellees' alleged default under a contract for deed. After the justice court granted relief in one action and denied relief in the other, the judgments were appealed to the county court at law and consolidated. The county court at law denied appellant relief and granted appellees attorney's fees. In two issues, appellant contends the trial court erred in denying his suit for forcible detainer and awarding attorney's fees to appellees. We dismiss the appeal.

■ Before we reach the merits of this case, we must first consider the matter of the trial court's jurisdiction, as well as our own. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). In considering the question of the trial court's jurisdiction, we note that subject matter jurisdiction is never presumed and cannot be waived. *Id.* at 443–44; *Garcia–Marroquin v. Nueces County Bail Bond Bd.*, 1 S.W.3d 366, 373 (Tex.App.-Corpus Christi 1999, no pet.). Furthermore, it is appropriate for this Court to raise the issue of subject matter jurisdiction sua sponte and address it for the first time on appeal. *Tex. Ass'n of Bus.*, 852 S.W.2d at 445–46; *Condit v. Nueces County*, 976 S.W.2d 278, 279 (Tex.App.-Corpus Christi 1998, no pet.). Appellate court jurisdiction of the merits of a case extends no further than that of the court from which the appeal is taken. *Dallas County Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex.App.-Dallas 1994, writ denied). If the trial court lacked

jurisdiction, then the appellate court only has jurisdiction to set the judgment aside and dismiss the cause. *Id.* It is incumbent upon the pleading party to allege sufficient facts to affirmatively show that the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *Condit*, 976 S.W.2d at 280. When we review subject matter jurisdiction sua sponte, this Court construes the pleading party's allegations in his favor, and where necessary, we examine the entire record to ascertain whether there is any evidence establishing subject matter jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *Condit*, 976 S.W.2d at 280.

■ Jurisdiction over forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to the county court for a trial de novo. *See* Tex. Prop.Code Ann. § 24.004 (Vernon 2000); *Aguilar v. Weber*, 72 S.W.3d 729, 731 (Tex.App.-Waco 2002, no pet.); *Home Sav. Ass'n v. Ramirez*, 600 S.W.2d 911, 913 (Tex.Civ.App.-Corpus Christi 1980, writ ref'd n.r.e.). The disposition of this case depends on the extent to which a county court has appellate jurisdiction.

■ The appellate jurisdiction of a statutory county court is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over an appeal unless the justice court had jurisdiction. *Aguilar*, 72 S.W.3d at 731. A justice court is expressly denied jurisdiction to determine or adjudicate title to land. Tex. Gov't Code Ann. § 27.031(b) (Vernon Supp.2003); *see Ramirez*, 600 S.W.2d at 913. Thus, neither a justice court, nor a county court on appeal, has jurisdiction to determine the issues of title to real property in a forcible detainer suit. *See* Tex.R. Civ. P. 746; *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171

**270**

(Tex.App.-Houston [1st Dist.] 1995, writ denied).

■■■ The forcible detainer action is the procedure by which the right to immediate possession of real property is determined. *Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex.App.-Dallas 2001, no pet.) (citing *Kennedy v. Highland Hills Apartments,* 905 S.W.2d 325, 326 (Tex.App.-Dallas 1995, no writ)). It is a special proceeding governed by particular statutes and rules. *Rice,* 51 S.W.3d at 709. It was created to provide a speedy, simple and inexpensive means for resolving the question of the right to possession of real property. *Id.* To preserve the simplicity and speedy nature of the remedy, the applicable rule of civil procedure provides that "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX.R. CIV. P. 746; *Rice,* 51 S.W.3d at 705; *Johnson v. Fellowship Baptist Church,* 627 S.W.2d 203, 204 (Tex.App.-Corpus Christi 1981, no writ). Thus, the sole issue in a forcible detainer action is who has the right to immediate possession of the premises. *Fandey v. Lee,* 880 S.W.2d 164, 168 (Tex.App.-El Paso 1994, writ denied); *Cuellar v. Martinez,* 625 S.W.2d 3, 5 (Tex.Civ.App.-San Antonio 1981, no writ); *Johnson v. Highland Hills Drive Apartments,* 552 S.W.2d 493, 495 (Tex.Civ.App.-Dallas 1977), *writ ref'd n.r.e. per curiam,* 568 S.W.2d 661 (Tex.1978).

■■■ To prevail in a forcible detainer action, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Rice,* 51 S.W.3d at 709; *Goggins v. Leo,* 849 S.W.2d 373, 375 (Tex.App.-Houston [14th Dist.] 1993, no writ). However, where the right to immediate possession necessarily requires resolution of a title dispute, the justice court has no jurisdiction to enter a judgment and may be enjoined from doing so. *Rice,* 51 S.W.3d at 709; *Haith v. Drake,* 596 S.W.2d 194, 196 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.); *see also Rodriguez v. Sullivan,* 484 S.W.2d 592, 593 (Tex.Civ. App.-El Paso 1972, no writ) (justice court judgment void when possession depended on whether defendant complied with contract for deed); *Am. Spiritualist Ass'n v. Ravkind,* 313 S.W.2d 121, 124 (Tex.Civ. App.-Dallas 1958, writ ref'd n.r.e.) (same). Because a forcible detainer action is not exclusive, but is cumulative of any other remedy a party may have in the courts of this state, the displaced party is entitled to bring a separate suit in the district court to determine the issue of title. *Scott v. Hewitt,* 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936); *Rice,* 51 S.W.3d at 709; *Ramirez,* 600 S.W.2d at 913; *Martinez v. Beasley,* 572 S.W.2d 83, 85 (Tex.Civ.App.-Corpus Christi 1978, no writ); *see also Juneman v. Franklin,* 67 Tex. 411, 3 S.W. 562, 563 (1887) (statute which created forcible detainer action in justice courts did not impliedly abrogate landlord's common-law remedies, but created additional summary method of regaining possession of premises).

■■■ In most situations, the parties in a forcible detainer suit are in a landlord-tenant relationship. *Home Sav. Ass'n,* 600 S.W.2d at 913. One indication that a justice court, and county court on appeal, is called on to adjudicate title to real estate in a forcible detainer case—and, thus exceed its jurisdiction—is when a landlord-tenant relationship is lacking. *Aguilar,* 72 S.W.3d at 733; *Rice,* 51 S.W.3d at 712.

■■■ In the case before us, appellant and appellees entered into a contract for deed. A contract for deed is an agreement by a seller to deliver a deed to property once certain conditions have been

met. *Graves v. Diehl,* 958 S.W.2d 468, 470 (Tex.App.-Houston [14th Dist.] 1997, no pet.). These contracts typically provide that upon the making of a down payment, the buyer is entitled to immediate possession of the property; however, the seller is not obliged to deliver legal title to the property until the buyer pays the purchase price in full. *See id.* at 471; *see also Salinas v. Beaudrie,* 960 S.W.2d 314, 319 (Tex.App.-Corpus Christi 1997, no pet.). The purchase price is typically paid in installments over a course of several years. *Graves,* 958 S.W.2d at 471. The legal effect of the contract is the same as that of a deed with a retained vendor's lien. *See Bucher v. Employers Cas. Co.,* 409 S.W.2d 583, 584–85 (Tex.Civ.App.-Fort Worth 1966, no writ). Several courts have held that despite the existence of a contract for purchase, or contract for deed, the justice court and county court at law were not required to determine the issue of title to resolve the right to immediate possession, and thus, did not exceed their jurisdiction to issue a writ of possession.[1] However, in all of those cases, the contracts at issue provided for a landlord-tenant relationship in the event of default, provided that the buyers would become tenants-at-sufferance in the event of default, or provided that the buyer was subject to a forcible detainer action upon default.

Here, the contract for deed does not provide that a default creates a landlord-tenant relationship or tenancy-at-sufferance. Nor does the contract provide that in the event of a default, appellant can institute a detainer suit to establish possession.

Because the justice court and county court at law would be required to determine the issue of title to resolve the right to immediate possession, we conclude they lacked jurisdiction to consider this case. *See Aguilar,* 72 S.W.3d at 735; *Mitchell,* 911 S.W.2d at 171; *Am. Spiritualist Ass'n,* 313 S.W.2d at 125.

Having concluded that the lower courts lacked jurisdiction to consider this case, we need not address the merits of this appeal.

Accordingly, we set aside the judgment of the trial court and dismiss this appeal for want of jurisdiction.

---

1. *See Rice v. Pinney,* 51 S.W.3d 705, 712 (Tex.App.-Dallas 2001, no pet.); *Martinez v. Daccarett,* 865 S.W.2d 161, 163–64 (Tex.App.-Corpus Christi 1993, no pet.); *Home Sav. Ass'n v. Ramirez,* 600 S.W.2d 911, 913–14 (Tex.Civ.App.-Corpus Christi 1980, writ ref'd n.r.e.); *Haith v. Drake,* 596 S.W.2d 194, 196 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.).