Dismissed In Part, Affirmed In Part, and Memorandum Opinion filed May
20, 2004









Dismissed In Part, Affirmed In Part, and Memorandum
Opinion filed May 20, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00567-CV

____________

 

TAMAR AVNI KAMINETZKY, DOV AVNI KAMINETZKY,
SAMANTHA CORPORATION, INC., CHOICE ACQUISITIONS NO. FOUR, INC., HI-NOI
CORPORATION, AND DISCOVERY & REPORTING OF AMERICA, INC., Appellants

 

V.

 

DOSOHS I, LTD., Appellee

 



 

On Appeal from the County
Civil Court No. Three

Harris County,
Texas

Trial Court Cause No. 789,733

 



 

M E M O R A N D U M   O P I N I O N








Appellants Tamar Avni Kaminetzky (a/k/a
Tamar Avni), Dov Avni Kaminetzky, and four corporations, Samantha Corporation,
Inc., Choice Acquisitions No. Four, Inc., Hi-Noi Corporation, and Discovery
& Reporting of America, Inc., appeal a county court=s judgment in
favor of appellee Dosohs I, Ltd. (ADosohs@) in a forcible
entry and detainer proceeding.  Avni
presents the following four issues for our review:  (1) whether the county court committed
reversible error by failing to give Avni notice of trial; (2) whether Avni=s failure to
appear at trial in the county court was caused by Dosohs; (3) whether the
justice court erred by not dismissing the forcible entry and detainer action
while there were lawsuits concerning title to the same property pending in
district court in Harris County, Texas; and (4) whether the justice court
committed error by denying Kaminetzky=s objection to
Judge Caroline D. Hobson.

In five points of error, the four
corporate appellants also complain that (1) the county court did not have
jurisdiction of the forcible entry and detainer proceeding because of the
pendency of other lawsuits concerning title to the car wash; (2) the county
court lacked jurisdiction of the forcible entry and detainer proceeding because
Kaminetzky objected to Judge Lynn Bradshaw-Hull, pursuant to section 74.053(b)
of the Government Code; (3) the county court=s May 5, 2003
judgment was void because of Kaminetzky=s objection to
Judge Bradshaw-Hull; (4) Judge Bradshaw-Hull abused her discretion in affirming
the justice court=s judgment because the four corporate
appellants were not named as defendants in Dosohs= pleading; and (5)
Judge Bradshaw-Hull abused her discretion in affirming the justice court=s judgment because
the four corporate appellants were not served with process and did not receive
notice of the appeal to county court.

We dismiss all points of error except for
those concerning objections made to Judge Bradshaw-Hull because we lack
jurisdiction to decide all of Avni=s issues presented
and the corporate appellants= first, fourth,
and fifth points of error.[1]

 








Background

This court previously considered the
appeal of Kaminetzky, Avni=s former
husband.  See Kaminetzky v. Dosohs I,
Ltd., No. 14-01-00767-CV, 2002 WL 1316148 (Tex. App.CHouston [14th
Dist.] June 6, 2002, pet. denied). 
Claiming to have an 18% ownership interest in a car wash, Kaminetzky
brought a trespass-to-try-title lawsuit against Dosohs.  Samantha Corporation, Inc., of which
Kaminetzky was the principal, had used the car wash as collateral for a loan,
which it did not repay when the note matured. 
Samantha Corporation declared bankruptcy in 1995.  Dosohs sued in bankruptcy court and obtained
permission to foreclose upon the car wash.

Four state court actions were filed
regarding the car wash in Harris County, Texas against Dosohs.  Choice Car Wash, Inc. and Business Ownership
and Liabilities Takeover Corporation filed the first lawsuit in August of 1997
in the 11th Judicial District Court, one month before the foreclosure.  In 1998, Kaminetzky filed a second lawsuit,
alleging the same causes of action asserted in the 1997 lawsuit.  Thus, the 1998 lawsuit was consolidated with
the 1997 lawsuit.  In 1999, Kaminetzky
filed a third lawsuit regarding the car wash. 
The 113th Judicial District Court dismissed the third lawsuit.  Kaminetzky subsequently filed a third-party
petition against Dosohs in the 1997 case. 
The 11th Judicial District Court dismissed the third-party action in May
of 2000, and ordered Kaminetzky to obtain permission from the administrative
judge of Harris County before he filed any other lawsuit regarding the car
wash.  Ignoring that order, Kaminetzky
filed a fifth action in January of 2001, without having obtained the permission
of the administrative judge.  The 125th
Judicial District Court dismissed the fifth lawsuit, and we affirmed the trial
court=s dismissal.  See Kaminetzky, 2002 WL 1316148,
at *3B4.








Dosohs filed its first forcible entry and detainer action
in September of 1997.  Judgment was
rendered against the car wash and Kaminetzky, but on appeal, the county court
entered an order of abatement, pending the disposition of the 1997 lawsuit
pending in the 11th Judicial District Court. 
In May of 2000, the 11th Judicial District Court granted summary
judgment in favor of Dosohs and declared it the owner of the car wash.  Before Kaminetzky=s fifth lawsuit in
district court was dismissed, the county court entered an order dismissing  Dosohs= forcible entry
and detainer action for lack of subject-matter jurisdiction without prejudice
to Dosohs refiling the case in justice court. 
In January of 2003, the supreme court denied review of our decision
affirming the dismissal of Kaminetzky=s fifth
lawsuit.  Although Avni requests this
court to Atake judicial notice@ that the lawsuit
in the 11th Judicial District Court is pending, the only record evidence we
have regarding that lawsuit is the order granting summary judgment in favor of
Dosohs.  No party to this appeal has
informed this court that a postjudgment motion or appeal has been filed with
respect to the summary judgment granted in favor of Dosohs.  We therefore presume all litigation regarding
the right to title to the car wash has been resolved.

Later in January of 2003, Dosohs filed another forcible
entry and detainer action against Kaminetzky and the car wash in the justice
court.  The three named defendants were
Kaminetzky, Business Ownership and Liabilities Takeover Corporation, Choice Car
Wash, Inc., and all occupants of 8901 West Bellfort, Houston, Harris County,
Texas 77031.  The complaint states that
Kaminetzky may be served at his residence and the two corporate defendants may
be served with process by serving citation at their principal place of
business, 8901 West Bellfort, Houston, upon Kaminetzky, the president of both
entities.

On February 3, 2003, the justice court rendered judgment
for Dosohs.  Avni was not a named
defendant or a designated agent for service of process.  Nor were any of the corporate appellants
named defendants in the forcible entry and detainer action.  Likewise, none of them was a designated agent
for service of process for the two named corporate defendants.  Accordingly, neither Avni nor the four
corporate appellants were served.  The
justice court=s judgment was appealed to county
court.  After a trial de novo, the county
court rendered judgment in favor of Dosohs on May 5, 2003.  It is that judgment from which Avni,
Kaminetzky, and the four corporate appellants appeal.








                                                        Analysis

The forcible entry and detainer
action is the procedural vehicle by which the right to immediate possession of
real property is determined.  Ward v.
Malone, 115 S.W.3d 267, 270 (Tex. App.CCorpus Christi
2003, pet. denied) (citation omitted). 
The action was created to provide a speedy, simple, and inexpensive
means for resolving the question of the right of possession of real
property.  Id.  The rules of civil procedure provide that Athe only issue
shall be as to the right of actual possession, and the merits of title shall
not be adjudicated.@  Id.
(citing Tex. R. Civ. P. 746).  AThus, the sole
issue in a forcible detainer action is who has the right to immediate
possession of the premises.@  Id. (citations omitted).

AJurisdiction over forcible detainer
actions is expressly given to the justice court of the precinct where the
property is located and, on appeal, to the county court for trial de novo.@  Id. (citing Tex. Prop. Code Ann. ' 24.004 (Vernon
2000)); see also Tex. R.
Civ. P. 749.  Neither a
justice court nor a county court, whose appellate jurisdiction is limited to the
jurisdictional limits of the justice court, has jurisdiction to determine
issues of title to real property in a forcible entry and detainer lawsuit.  Ward, 115 S.W.3d at 269; see also
Tex. R. Civ. P. 746.  A plaintiff in a forcible entry and detainer
action is not required to prove title, but is only required to show sufficient
evidence of ownership to demonstrate a superior right to immediate
possession.  Ward, 115 S.W.3d at
270.  A forcible entry and detainer
action is not exclusive, but is cumulative of any other remedy a party may have
in the courts of this state.  Id.  Thus, a displaced party may bring a separate
suit in the district court to determine the issue of title.  Id. (citations omitted).








A final judgment of a county court in a
forcible entry and detainer suit may not be appealed on the issue of possession
unless the premises in question are being used for residential purposes
only.  Tex.
Prop. Code Ann. ' 24.007 (Vernon 2000).  In this case, the  premises are commercial.  Consequently, this court does not have
jurisdiction of the appeal as it relates to the issue of possession.  Avni complains that she was not given notice
of the appeal to the county court and that the justice court should not have
ruled in the forcible entry and detainer proceeding because of pending lawsuits
in district court concerning right to title to the car wash.  The corporate appellants also argue that
Judge Bradshaw-Hull=s judgment is void because of pending
lawsuits in district court and that the county court abused its discretion in
affirming the justice court=s judgment because
the corporate appellants were not named as defendants in the forcible entry and
detainer action, were not served with process in that action, and did not
receive notice of the appeal to the county court.  We do not have jurisdiction to decide the
foregoing complaints, all of which relate to the issue of possession.  See, e.g., A.V.A. Servs., Inc. v. Parts
Indus. Corp., 949 S.W.2d 852, 853 (Tex. App.CBeaumont 1997, no
writ) (stating that appellate court did not have jurisdiction to review justice
court=s denial of motion
to quash forcible detainer proceeding based on absence of landlord-tenant
relationship or point of error arguing that landlord was a foreign corporation
transacting business in Texas without a certificate of authority because those
points of error related to question of possession); Academy Corp. v. Sunwest
N.O.P., Inc., 853 S.W.2d 833, 834 (Tex. App.CHouston [14th
Dist.] 1993, writ denied) (stating that existence of landlord-tenant relationship
is element of possession issue and therefore not reviewable).  Thus, we do not have jurisdiction to decide
Avni=s first, second,
and third issues presented or the corporate appellants= first, fourth,
and fifth points of error.








Avni also complains that the justice court
should have sustained Kaminetzky=s objection to
Judge Hobson, the presiding judge of the justice court.  That complaint was rendered moot by the trial
de novo in the county court.  See,
e.g., Sullivan v. Tex. Dep=t. of Pub. Safety, 93 S.W.3d 149,
152 (Tex. App.CBeaumont 2002, no pet.) (ATrial de novo,
therefore, is not an >appeal,= but is a new and
independent action.@) (citation omitted); Lamar Cty.
Appraisal Dist. v. Campbell Soup Co., 93 S.W.3d 642, 645 (Tex. App.CTexarkana 2002, no
pet.) (stating that Athe phrase >trial de novo= is generally
defined as a new trial on the entire case, on both questions of fact and issues
of law, conducted as if there had been no trial in the first instance@) (citing Black=s Law Dictionary 1512 (7th ed. 1999)). 
Thus, we overrule Avni=s fourth
issue.  Furthermore, although we have
disposed of Avni=s third issue on jurisdictional grounds,
we also overrule her third issue because it, too, is moot due to the trial de
novo in the county court.

The only point of error asserted by the
corporate appellants that we have jurisdiction to decide is their third point
of error, which does not relate to the issue of possession.  In their third point of error, they assert
that Kaminetzky=s objection to Judge Bradshaw-Hull
required her automatic disqualification. 
However, even if we had jurisdiction to decide all issues raised by Avni
and the corporate appellants, including the latter=s third point of
error, we hold that Avni and the corporate appellants do not have standing to
complain on appeal about the judgment of the county court.  Avni and the corporate appellants were not
parties to the forcible entry and detainer action, nor were they virtually
represented by a named party.  See
generally, e.g., City of San Benito v. Rio Grande Valley Gas Co.,
109 S.W.3d 750, 754B55 (Tex. 2003) (AUnder Texas
jurisprudence, an appeal can generally only be brought by a named party to the
suit.@).  Although Avni or one or more of the corporate
appellants filed a special appearance, a motion for change of venue, a motion
for continuance, a motion for dismissal for lack of subject-matter
jurisdiction, and a notice of appeal, there is no indication that the justice
court ruled on any of those motions. 
Avni and the corporate appellants have failed to demonstrate to this
court that they have standing to appeal the judgment rendered in favor of
Dosohs.








Furthermore, even assuming Avni or any of
the four corporate appellants has an ownership interest in the car wash or the
two corporate defendants named in Dosohs= complaint, only
the corporate entity named must be served by service of process on its
designated agent for service of process or upon its president or one of its
vice presidents.  See Tex. Bus. Corp. Act Ann. art. 2.11(A)
(Vernon 2003) (stating that actual service of process is made upon corporation
by serving its registered agent for service of process, president, or any of
its vice presidents).  In this appeal,
neither Avni nor the corporate appellants have informed this court that the two
named corporate defendants in Dosohs= complaint were
not properly served.  Nor have they
adequately briefed any argument that the wrong corporate entities were
served.  See Tex. R. App. P. 38.1(h).  Thus, neither Avni nor the four corporate
appellants have presented any argument for why they should have been served
with process, and their issues relating to service of process are without
merit.[2]  Accordingly, the appeal is ordered dismissed
for this additional reason.[3]

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment
rendered and Memorandum Opinion filed May 20, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  Kaminetzky, who was a party to the
judgment, did not timely file an appellant=s brief.  Two days
after this appeal was submitted to this court, Kaminetzky filed a motion Ato stop argument currently set by
submission on 4/14/04, allow him to file appellant=s brief and a supplemental appendix
out of time, take judicial notice of undisputable facts and compel Mr. Jason
Westmoreland to prove he is a licensed Tx. attorney and to show his authority B for good cause shown.@ 
We denied Kaminetzky=s motion.  In the
absence of an appellant=s brief timely filed by Kaminetzky,
we presume Dosohs= presentation of the facts is
correct and affirm the county court=s judgment against Kaminetzky.  See Tex.
R. App. P. 38.8(a)(3).  A litigant
acting pro se is held to the same standards applicable to licensed attorneys
and must comply with all applicable procedural rules.  Weaver v. E‑Z Mart Stores, Inc.,
942 S.W.2d 167, 169 (Tex. App.CTexarkana 1997, no writ).





[2]  Furthermore,
based on our review of Avni=s brief and other filings, her complaints are
essentially directed to establishing that she or her mentally incompetent son
has an ownership interest in the car wash, Samantha Corporation, or other
affiliated corporations.  As we have
noted, neither the justice court nor the county court has the authority to
decide matters of title, and the record does not reflect that the county court
decided questions of title in this case. 
Thus, the issue of right to title to the car wash is not properly before
this court.  The question of whether Avni
or her son has a valid interest in the car wash should have been raised in one
of the district court lawsuits filed to determine the right to title to the car
wash or in the federal bankruptcy proceeding.





[3]   Although we
have jurisdiction to decide whether Kaminetzky=s
objection to Judge Bradshaw-Hull required her automatic disqualification, the
resolution of that question is not necessary to our disposition of this appeal
because we have resolved all of the complaints of Avni and the corporate
appellants on the basis that we either do not have jurisdiction to address the
issues or that they lack standing to raise the complaints.  Nonetheless, we note that none of the
appellants has informed this court how section 74.053 of the Court
Administration Act, which provides that a former judge or justice who is not a
retired judge may not sit in a case if either party objects, mandates the
automatic disqualification of Judge Bradshaw-Hull, who is an elected
judge.  See Tex. Gov=t Code Ann. ' 74.053 (Vernon 1998). 
Thus, appellants= complaints about Judge Bradshaw-Hull presiding over
the appeal to the county court are without merit.  Moreover,
the record reflects that Kaminetzky moved to recuse Judge Bradshaw-Hull under
Texas Rule of Civil Procedure 18b.  The
corporate appellants do not complain about the denial of that motion in their
brief.  See Tex. R. App. P. 38.1(h).  Thus, the corporate appellants= third point of error is overruled.