COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-403-CV
 
  
DANNY 
PRESLEY AND ALL OTHER OCCUPANTS                    APPELLANTS
  
V.
  
DANIEL 
MCGRATH                                                                   APPELLEE
 
 
------------
 
FROM 
COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
        Appellant 
Danny Presley appeals the county court’s judgment awarding possession of 
certain property to Appellee Daniel McGrath.  In a single point, Presley 
complains that the county court lacked jurisdiction to consider McGrath’s 
forcible detainer action because an unresolved question of title was so 
intertwined with the issue of possession that the action could not have been 
adjudicated without first determining title.  We will affirm.
II. Factual and 
Procedural Background
        On 
August 3, 2004, McGrath purchased the property located at 713 Foxmoor Drive, 
Highland Village, Texas (“the property”) at a foreclosure auction.  
Thereafter, he received a substitute trustee’s deed in the mail outlining the 
details of his acquisition of the property.  The deed, dated April 20, 
2000, designates Danny R. Presley and Pamela J. Presley as the grantors,  
Daniel R. McGrath as the grantee/buyer, Old Kent Mortgage Company as the 
original mortgagee, and The Bank of New York as the current mortgagee.  
Along with a description of the property and the time and location of the sale, 
the deed indicates that The Bank of New York, through the mortgage servicer, 
Select Portfolio Servicing, Inc., had declared the Presleys in default on their 
payment obligations and had appointed a substitute trustee to enforce the deed 
of trust previously executed in favor of Old Kent Mortgage Company.  The 
deed further states that the property was sold and conveyed to the purchaser by 
the substitute trustee.
        Counsel 
for McGrath sent the Presleys a notice to vacate and demand for possession dated 
August 20, 2004.  The notice explained that McGrath had purchased the 
property on August 3, 2004, that the Presleys had ten days to vacate the 
premises, and that a suit for forcible detainer would be initiated if they 
failed to vacate the premises within ten days.
        On 
September 3, 2004, McGrath brought an action for forcible detainer in the Denton 
County Justice of the Peace Court against Danny Presley and all other occupants 
of 713 Foxmoor Drive.  The justice court subsequently awarded possession of 
the property to McGrath.
        The 
Presleys appealed to the County Court at Law Number Two in Denton County for a 
trial de novo.  At trial, counsel for the Presleys argued that a separate 
suit had been filed in federal court challenging the validity of the foreclosure 
sale and that this had the effect of raising an issue of title, thus divesting 
the county court of jurisdiction to consider the suit.  The county court 
disagreed, however, and allowed the case to proceed. It later entered a final 
judgment awarding possession of the property to McGrath.
III. Concurrent 
Actions
        In 
his sole point, Presley argues that the county court lacked jurisdiction to hear 
McGrath’s forcible detainer action because there existed “a question of 
title so intertwined with the issue of possession that possession could not, and 
should not, have been adjudicated without first determining title.”  
Presley contends that a concurrent suit filed in federal court challenging the 
foreclosure sale deprived the county court of jurisdiction to consider 
McGrath’s forcible detainer action.[2]   
McGrath contends that Presley’s mere filing of a parallel suit against third 
parties, standing alone, did not raise an issue of title in the forcible 
detainer suit in county court.
        A. Forcible Detainer
        A 
forcible detainer action is the procedure by which the right to immediate 
possession of real property is determined.  See Cattin v. Highpoint 
Village Apartments, 26 S.W.3d 737, 738-39 (Tex. App.—Fort Worth 2000, pet. 
dism’d w.o.j.).  It is a special proceeding governed by particular 
statutes and rules found in sections 24.001 to 24.011 of the Texas Property Code 
and Texas Rules of Civil Procedure 738 to 755.  See id. at 
739.  Forcible detainer actions are intended to be a summary, speedy, and 
inexpensive remedy for resolving the question of who is entitled to immediate 
possession of real property.  See id.; see also Ward v. 
Malone, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi 2003, pet. 
denied).  Rule 746 provides that “the only issue shall be as to the right 
to actual possession[,] and the merits of the title shall not be adjudicated.” 
 Tex. R. Civ. P. 746; Rice v. Pinney, 
51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).  Thus, to prevail in 
a forcible detainer action, a plaintiff is not required to prove title but is 
only required to show sufficient evidence of ownership to demonstrate a superior 
right to immediate possession.  See Ward, 115 S.W.3d at 270; Goggins 
v. Leo, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no 
writ).
        Jurisdiction 
over a forcible detainer suit is given to a justice court in the precinct where 
the property is located. Tex. Prop. Code Ann. § 24.004 (Vernon 
2000); Aguilar v. Weber, 72 S.W.3d 729, 731 (Tex. App.—Waco 2002, no 
pet.).  Either party may then appeal the justice court’s judgment to the 
county court for a trial de novo.  Aguilar, 72 S.W.3d at 731; Cattin, 
26 S.W.3d at 739.  The appellate jurisdiction of a statutory county court 
is confined to the jurisdictional limits of the justice court, and the county 
court does not have appellate jurisdiction if the justice court did not 
initially have jurisdiction.  See Ward, 115 S.W.3d at 269; Aguilar, 
72 S.W.3d at 731.
        A 
forcible detainer action is cumulative of other remedies, not exclusive.  See 
Scott v. Hewitt, 127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936); Lopez 
v. Sulak, 76 S.W.3d 597, 605 (Tex. App.—Corpus Christi 2002, no 
pet.).  Consequently, a forcible detainer action in justice court may be 
brought concurrently with suits to try title in district court or a “court of 
competent jurisdiction.”  See Holcombe v. Lorino, 124 Tex. 446, 
452, 79 S.W.2d 307, 309 (Tex. 1935); Rice, 51 S.W.3d at 709.
        B. Issue of Title Not Raised
        In 
the instant case, McGrath introduced the substitute deed of trust as evidence of 
his ownership and immediate right to possession of the property, and Presley did 
not argue in the county court that the deed was void.  “[T]he Legislature 
contemplated concurrent actions in the district and justice courts to resolve 
issues of title and immediate possession,” and Presley’s suit in federal 
court challenging the foreclosure sale does not automatically, as he seems to 
argue, have the effect of raising a genuine issue of title in the justice or 
county court, thus depriving it of jurisdiciton.  Lopez, 76 S.W.3d 
at 605; Dormady v. Dinero Land & Cattle Co., L.C., 61 S.W.3d 555, 558 
(Tex. App.—San Antonio 2001, pet. dism’d w.o.j.) (op. on reh’g) (“Dormady 
has the right to sue in district court to determine whether the trustee’s deed 
should be cancelled because of foreclosure irregularities, independent of the 
trial court’s determination in the forcible detainer action that Dinero is 
entitled to immediate possession of the property.”).  On this issue, the 
court in Scott stated,
  
If [grantors] desire to attack the sale made under the deed of trust as being 
invalid, they may bring such suit in the district court for that purpose; but, 
in a suit for forcible detainer, such action is not permissible.  The 
Legislature has expressly provided by forcible entry and detainer proceedings a 
summary, speedy, and inexpensive remedy for the determination of who is entitled 
to the possession of premises, without resorting to an action upon title.  
This action allowed by law is not exclusive, but cumulative, of any other remedy 
that a party may have in the courts of this state.
  
 
Scott, 
90 S.W.2d at 818-19.
        Moreover, 
Presley did not present specific evidence raising a genuine issue of 
title.  See Falcon v. Ensignia, 976 S.W.2d 336, 338 (Tex. 
App.—Corpus Christi 1998, no pet.) (reasoning that specific evidence of a 
title dispute is required to raise the issue of jurisdiction).  He merely 
argued that a concurrent suit was under way in federal court, and he allowed the 
court and McGrath’s counsel to read the complaint.  Cf. Mitchell v. 
Armstrong Capital Corp., 911 S.W.2d 169, 171 (Tex. App.—Houston [1st 
Dist.] 1995, writ denied) (holding issue of title raised “by asserting that 
the Substitute Trustee’s Deed held by Armstrong Capital was void, and by 
specifically giving notice that litigation was pending in the 268th District 
Court to set aside the non-judicial foreclosure sale.”).
        Finally, 
Presley argues that the county court lacked jurisdiction for the same reason 
that the county court in A Plus Investments, Inc. v. Rushton concluded 
that it was without jurisdiction to consider a forcible detainer action.  
No. 2-03-174-CV, 2004 WL 868866 (Tex. App.—Fort Worth April 22, 2004, no pet.) 
(mem. op.).  There, the jurisdictional issue was governed by a provision in 
a home equity security instrument.  Id. at *2.  This court 
affirmed the county court’s dismissal for want of jurisdiction because “the 
requirements of the Texas Constitution, which were also part of th[e] home 
equity security instrument, were disregarded.”  Id.  In this 
case, however, Presley does not point to any provision in any of the documents 
in the record similarly controlling on the issue of jurisdiction.  A 
Plus is therefore distinguishable and not dispositive of the issue.
        In 
considering the limited issue before us, we hold that Presley’s concurrent 
suit in federal court challenging the foreclosure sale did not in and of itself 
raise the issue of title in the county court.  Thus, the county court 
retained jurisdiction to consider the sole issue before it of immediate 
possession.  Accordingly, the county court did not err by entering its 
final judgment awarding possession of the property to McGrath.  We overrule 
Presley’s sole point.
IV. Conclusion
        Having 
overruled Presley’s sole point, we affirm the trial court’s judgment.
  
 
                                                          SUE 
WALKER
                                                          JUSTICE
 
  
PANEL 
A:   CAYCE, C.J.; GARDNER and WALKER, JJ.
 
DELIVERED: 
June 23, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Presley also argues on appeal that the notice provided to the Presleys of the 
substitute trustee’s sale was defective, thus raising an issue of wrongful 
forecloseure and title.  Presley’s notice complaint is not properly 
before us, however, because in the county court, Presley argued only that the 
concurrent suit in federal court deprived the court of jurisdiction. [RR: 
4-7]  The following exchange took place:
  
The Court:  All right. Let me ask: Do you want opening?
Mr. 
Brinkley:  No Your Honor, but I would like to invite the Court that there 
was a separate suit filed that puts title at issue.
The 
Court:  Where is it filed?
Mr. 
Brinkley:  It was filed in federal court, Northern District, Dallas I 
believe.
The 
Court:  You’ve got a federal case on this?
Mr. 
Brinkley:  Yes, Your Honor.  There are a lot of related federal 
claims.
The 
Court:  And what’s your position as to whether or not this Court is in a 
position to grant possession only, no title issues but . . .
Mr. 
Brinkley:  I - - I believe that under the case law it would be most 
appropriate for the Court to hold this in abeyance until - - until there is a 
decision about the validity - - the validity of the sale.