

# NUMBER 13-09-00633-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

ROBERT M. MARKHAM AND
ALL OTHER OCCUPANTS,                                      Appellants,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE, IN TRUST FOR
THE REGISTERED HOLDERS OF ARGENT
SECURITIES INC., ASSET-BACKED
PASS-THROUGH CERTIFICATES, SERIES 2006-W5,          Appellee.

## On appeal from the County Court at Law No. 1
of Hidalgo County, Texas

# MEMORANDUM OPINION

Before Justices Garza, Vela, and Perkes
Memorandum Opinion by Justice Perkes

Appellant, Robert M. Markham,[1] appeals the trial court's summary judgment granting a forcible detainer in favor of appellee, Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Holders of Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W5 (hereinafter "Deutsche Bank"). Because the justice court and county court at law lacked subject-matter jurisdiction, we reverse the trial court's judgment and dismiss this case for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Deutsche Bank filed a forcible-detainer petition against Markham in the Court of the Justice of the Peace, Precinct Three, Place Two, of Hidalgo County, Texas, seeking to evict Markham from the property located at 307 Highland Drive, McAllen, Texas 78501 ("the property"). After a jury trial, the justice court entered judgment on the jury's verdict in favor of Deutsche Bank. Markham appealed de novo to the county court at law, which granted a summary judgment in favor of Deutsche Bank. Markham thereafter filed a motion to set aside the county court's judgment and to dismiss for lack of jurisdiction, arguing that the justice court lacked jurisdiction over the case because the property is not located within the geographical boundaries of Justice of the Peace Precinct Three of Hidalgo County, Texas. Markham argued that because the justice court lacked jurisdiction, the county court lacked jurisdiction. The county court denied Markham's motion and this appeal followed.[2]

---

[1] Robert M. Markham and All Other Occupants were named as defendants in the lawsuit and are appellants on appeal. Hereinafter, we collectively refer to appellants as "Markham."

[2] Counsel for Deutsche Bank informed this Court that Deutsche Bank elected not to file a brief in this appeal. On appeal, Markham has filed two motions asking this Court to set aside the trial court's judgment for lack of jurisdiction and to dismiss this appeal. The motions were carried with this case and are hereby denied as moot in light of this opinion.

## II.  ISSUES PRESENTED

Markham presents two issues for review:

(1)  Did the justice court lack jurisdiction to award Deutsche Bank relief in its forcible-detainer action when the property at issue was not located within the precinct of the justice court?

(2)  Did the justice court's lack of jurisdiction deprive the county court of jurisdiction when the justice court's judgment was appealed de novo to the county court?

## III.  STANDARD OF REVIEW AND DISCUSSION

Subject matter jurisdiction is an issue of law which we review de novo.  *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).  Subject matter jurisdiction is never presumed and cannot be waived.  *Ward v. Malone*, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003, pet. denied).  Jurisdiction over forcible-detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to the county court for a trial de novo.  *See* TEX. PROP. CODE ANN. § 24.004 (West 2000); *Ward*, 115 S.W.3d at 269; *Goggins v. Leo*, 849 S.W.2d 373, 375 (Tex. App.—Houston [14th Dist.] 1993, no writ); *Tanner v. Axelrad*, 680 S.W.2d 851, 852 (Tex. App.—Houston [1st Dist.] 1984, writ dism'd).  The appellate jurisdiction of a statutory county court is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over an appeal unless the justice court had jurisdiction.  *Ward*, 115 S.W.3d at 269; *Goggins*, 849 S.W.2d at 375.

Deutsche Bank neither alleged nor proved that the property is located within the geographical boundaries of Justice of the Peace Precinct Three of Hidalgo County, Texas.  Markham's motion to set aside the county court's judgment and to dismiss for lack of jurisdiction includes a copy of a Hidalgo County road map and a precinct map.

3

Markham's exhibit, however, is not authenticated and does not clearly show the relevant Hidalgo County precinct boundaries.

An appellate court may take judicial notice of an adjudicative fact *sua sponte*. *See* TEX. R. EVID. 201(f); *In re Baylor Medical Center at Garland*, 280 S.W.3d 227, 229 n.6 (Tex. 2008) (orig. proceeding) (taking judicial notice *sua sponte* that trial judge had been replaced by election during pendency of mandamus case); *Martinez v. City of San Antonio*, 768 S.W.2d 911, 914 (Tex. App.—San Antonio 1989, no writ) (discussing appellate court's discretion to take judicial notice under Rule 201(f) and taking judicial notice on party's request to avoid unjust judgment); *see also O'Quinn v. Hall*, 77 S.W.3d 438, 477 (Tex. App.—Corpus Christi 2002, no pet.) (discussing nature of "adjudicative facts"). The judicially noticed fact must not be subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. TEX. R. EVID. 201(b). It is particularly appropriate for an appellate court to take judicial notice of a fact that pertains to a question of subject-matter jurisdiction, rather than the merits of a dispute. *See City of Glenn Heights v. Sheffield Dev. Co., Inc.*, 55 S.W.3d 158, 162–63 (Tex. App.—Dallas 2001, pet. denied).

We hereby take judicial notice that the subject property is not located within Justice of the Peace Precinct Three of Hidalgo County, Texas. *See Harper v. Killion*, 162 Tex. 481, 485, 348 S.W.2d 521, 523 (1961) (holding intermediate appellate court could take judicial notice that entire city of Jacksonville was located in Cherokee County, Texas); *City of Dallas v. Moreau*, 718 S.W.2d 776, 781 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.) (concluding appellate court could take judicial notice of city charter on appeal when city charter showed trial court lacked authority to submit

4

wrongful-termination appeal to a jury). The location of the property is capable of accurate and ready determination from a certified Justice of the Peace Precincts Map of Hidalgo County, Texas.[3] The property is located within Justice of the Peace Precinct Two of Hidalgo County, Texas. As a result, the precinct-three justice court and the county court lacked subject-matter jurisdiction over this case. *See Goggins*, 849 S.W.2d at 375–76; *Tanner*, 680 S.W.2d at 852–53. Accordingly, we sustain both of Markham's issues on appeal.

## IV. CONCLUSION

We reverse the trial court's judgment and dismiss this case for lack of jurisdiction.

_____
GREGORY T. PERKES
Justice

Delivered and filed the
14th day of July, 2011.

---

[3] On June 9, 2011, this Court issued an order abating and remanding this case to the trial court for supplementation of the appellate record with (1) the specific geographical delineation of the relevant precinct boundaries, and (2) a legible map showing the precinct boundaries with the streets contained in those precincts. On June 14, 2011, a certified map of Hidalgo County Justice of the Peace Precincts Two and Three was filed in this cause. The map bears an official seal and the stamp of the Hidalgo County Elections Administrator, Yvonne Ramon. It is certified to be a true and correct copy of the original on file and on record in the Elections Administrator's office. We hereby order this appeal reinstated.