

NUMBER 13-12-00448-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHN COCHRAN AND ALL
OTHER OCCUPANTS OF
6808 CAMINO COURT,
FORT WORTH, TEXAS 76126,                                    Appellants,

v.

FEDERAL NATIONAL
MORTGAGE ASSOCIATION
A/K/A FANNIE MAE,                                              Appellee.

## On appeal from the County Court at Law No. 1
of Tarrant County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion by Justice Garza

This case involves real property located at 6808 Camino Court in Fort Worth,

Texas.   Appellants, John Cochran and all other occupants of the subject property

(collectively "Cochran"), challenge the jurisdiction of two lower courts in awarding possession of the subject property to appellee Federal National Mortgage Association ("Fannie Mae"). We affirm.[1]

## I. BACKGROUND

Cochran and his wife purchased the subject property in 2008. In order to obtain financing, the couple executed a deed of trust. According to Fannie Mae, the deed of trust provided that, in the event of foreclosure, anyone remaining in the subject property after foreclosure would become a tenant at sufferance.[2]

Cochran later obtained the subject property as part of a divorce settlement. During the divorce, Cochran's wife resided at the property and at some point, according to Cochran, she stopped making the mortgage payments. On June 1, 2010, Cochran's mortgage lender, Bank of America, foreclosed on the property. Fannie Mae purchased the property at the foreclosure sale.

Cochran then sued Bank of America, alleging wrongful foreclosure and contending that he had not received the required notice. Subsequently, Fannie Mae filed the underlying forcible detainer suit in justice court on December 28, 2011. Judgment was rendered on January 12, 2012, awarding possession to Fannie Mae. Cochran appealed the judgment to the county court at law and filed an original answer generally denying the allegations. After trial de novo, the county court at law rendered judgment awarding possession to Fannie Mae. The county court at law also awarded

---

[1] This appeal was transferred from the Second Court of Appeals to this Court pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] The deed of trust does not appear in the record before this Court. Nevertheless, Cochran does not disagree with this characterization of the deed of trust.

Fannie Mae attorney's fees and court costs.  This appeal followed.

## II. DISCUSSION

By one issue on appeal, Cochran argues that the issue of possession of the subject property could not have been determined without resolving the issue of title to the property; and that, therefore, the courts below had no jurisdiction to resolve the dispute.

### A.    Applicable Law

Jurisdiction to hear forcible detainer actions is vested in justice courts, and on appeal, to county courts for trial de novo.  TEX. PROP. CODE ANN. § 24.004 (West Supp. 2011); *see Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (op. on reh'g); *see also Acosta v. Shimotsu*, No. 13-09-00702-CV, 2011 Tex. App. LEXIS 1806, at *8 (Tex. App.—Corpus Christi Mar. 10, 2011, no pet.) (mem. op.).  A justice court is expressly deprived of jurisdiction to determine or adjudicate title to land.  TEX. GOV'T CODE ANN. § 27.031(b)(4) (West Supp. 2011).  Thus, neither a justice court, nor a county court on appeal, can resolve questions of title beyond the immediate right to possession.  *See Bacon v. Jordan*, 763 S.W.2d 395, 396 (Tex. 1988); *Rice v. Pinney*, 51 S.W.3d 705, 708–09 (Tex. App.—Dallas 2001, no pet.); *see also Acosta*, 2011 Tex. App. LEXIS 1806, at *8.

In a forcible detainer action, the trial court considers only the issue of who has the right to immediate possession of real property, not the merits of the title.  TEX. R. CIV. P. 746; *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi 2003, pet. denied).  Forcible detainer is intended to be a speedy, inexpensive, summary

3

procedure for obtaining possession without resorting to a suit on the title. *Villalon*, 176 S.W.3d at 70; *Malone*, 115 S.W.3d at 270. However, if the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title. *Dormady*, 61 S.W.3d at 557; *see Rice*, 51 S.W3d at 709; *see also Acosta*, 2011 Tex. App. LEXIS 1806, at *9. "In such a case involving a genuine issue of title, neither the justice court, nor the county court on appeal, has jurisdiction." *Dormady*, 61 S.W.3d at 557; *see Rice*, 51 S.W.3d at 709; *see also Acosta*, 2011 Tex. App. LEXIS 1806, at *9.

**B.     Analysis**

Cochran argues that he was "in the middle of fighting the issue of title" in his suit against Bank of America when Fannie Mae filed its forcible detainer action to gain possession of the subject property. He contends that he was not permitted to raise the issue of the title dispute in the courts below because those courts "determined that wasn't an issue before them." Cochran argues further that he and Fannie Mae did not have a landlord-tenant relationship. *See Rice*, 51 S.W.3d at 712 n.4 ("[O]ne indication that a justice court, and on appeal a county court, may be required to adjudicate title to real estate in a forcible detainer case—and, thus, exceed its jurisdiction—is when a landlord-tenant relationship is lacking."); *see also Acosta*, 2011 Tex. App. LEXIS 1806, at *9. He argues that the courts below lacked jurisdiction because "the question of title is so intertwined with the issue of possession" such that "possession may not be adjudicated without first determining title." *See Dormady*, 61 S.W.3d at 557; *see Rice*, 51 S.W3d at 709; *see also Acosta*, 2011 Tex. App. LEXIS 1806, at *9.

4

Fannie Mae counters by arguing that, pursuant to the deed of trust, Cochran became a tenant at sufferance when he held over in the subject property after foreclosure, and that a landlord-tenant relationship therefore did exist between the parties at the time of the forcible detainer action. *See* TEX. PROP. CODE ANN. § 24.002(a)(2) ("A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person . . . is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease.").[3]

The record does not support Cochran's position. In particular, Cochran did not request, and the record thus does not contain, a reporter's record indicating what evidence the county court at law had before it when it rendered its order granting possession to Fannie Mae. It is an appellant's burden to supply this Court with a complete record demonstrating that the trial court reversibly erred. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Watkins v. Jones*, 192 S.W.3d 672, 674 (Tex. App.—Corpus Christi 2006, orig. proceeding); *Univ. of Tex. at Austin v. Hinton*, 822 S.W.2d 197, 202 (Tex. App.—Austin 1991, no writ). Absent a complete record on appeal, we must presume items omitted from the record support the trial court's judgment. *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) (citing *Gallagher v. Fire Ins. Exch.*, 950 S.W.2d 370, 371 (Tex. 1997)). Accordingly, we have no choice but to presume that the evidence adduced at trial de novo before the county court at law

---

[3] Fannie Mae also cites *Ebert v. Day*, a 2004 memorandum opinion by the Austin Court of Appeals dealing with a very similar fact pattern. *See* No. 03-04-00264-CV, 2004 Tex. App. LEXIS 11043 (Tex. App.—Austin Dec. 9, 2004, no pet.) (mem. op.). In that case, the defendant in a forcible detainer suit claimed the justice court and county court at law had no jurisdiction because "there was never a lawful foreclosure so there is no landlord-tenant relationship as required for forcible detainer." *Id.* at *1. The defendant had executed a deed of trust providing that he would be a tenant at sufferance after any sale of the property. *Id.* at *4. The court of appeals therefore concluded that a landlord-tenant relationship existed upon foreclosure and that jurisdiction lay in the lower courts. *Id.* at *4–5.

supported jurisdiction therein. *See id.*; *see also Perez v. State*, 261 S.W.3d 760, 772 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) ("[B]y failing to pay or otherwise arrange for a transcription of the trial sufficient to illustrate the trial court's alleged errors, appellant has not only prevented us from considering these alleged errors, but has also waived his complaint as to each."). We overrule Cochran's issue.

## III. CONCLUSION

The judgment of the county court at law is affirmed.

/s/ Dori Contreras Garza
DORI CONTRERAS GARZA,
Justice

Delivered and filed the
1st day of August, 2013.