

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-17-00309-CV
No. 07-18-00055-CV
_____

IN THE INTEREST OF T.S.H. AND S.A.H., JR.

On Appeal from County Court at Law Number Two
Potter County, Texas
Trial Court No. 78,809-2; Honorable Pamela Cook Sirmon, Presiding

February 22, 2018

## MEMORANDUM OPINION AND ORDER OF SEVERANCE

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pending before this court is an appeal wherein two parties purport to appeal two different orders, both orders purporting to dispose of the same cause of action, entered by two different judges, two months apart, but reaching different results. Appellant, Shaka Alexander Harris, proceeding *pro se*, attempts to appeal the *Order in Suit Affecting the Parent-Child Relationship, In Suit for Modification and Order Confirming Support Obligation*, signed on May 23, 2017, by the Honorable Jeremy Fowler, acting as a Title IV-D Associate Judge. Appellant, Tameka Renomia Campbell, also proceeding *pro se*,

attempts to appeal the *Order Adopting Associate Judge's Report,*[1] signed on July 10, 2017, by the Honorable Pamela Sirmon, Presiding Judge of Potter County Court at Law Number Two. We sever Tameka's appeal into Cause Number 07-18-00055-CV and dismiss the appeal for want of jurisdiction. Subject to the remaining appellate deadlines, Shaka's appeal will remain pending under Cause Number 07-17-00309-CV.

BACKGROUND

Tameka and Shaka are the parents of T.S.H. and S.A.H., Jr. In September 2016, the Office of the Attorney General filed a petition under chapter 231 of the Texas Family Code to modify a prior child support order concerning T.S.H. and to establish conservatorship and seek current and retroactive child and medical support for S.A.H., Jr. The matter was referred to the Honorable Jeremy Fowler, Title IV-D Associate Judge. *See* TEX. FAM. CODE. ANN. § 201.101(d) (West Supp. 2017). On May 23, 2017, Judge Fowler signed the *Order in Suit Affecting the Parent-Child Relationship, in Suit for Modification and Order Confirming Support Obligation.* On June 16, 2017, Shaka filed notice with the trial court clerk specifically indicating his desire to *appeal* that order. Notice of that filing was not forwarded to the clerk of this court until September 7, 2017, when the clerk's record was filed in response to Tameka's notice of appeal.[2]

On July 10, 2017, Judge Sirmon held a "de novo" hearing and signed another order entitled *Order Adopting Associate Judge's Report.* As previously noted, that order

---

[1] We note that this order does not merely "adopt" the Associate Judge's order. Instead, it specifically modifies and amends that order.

[2] Simultaneous with the filing of the clerk's record, this court received a letter from Alvina Musick, Deputy District Clerk, explaining that Shaka's pleading was originally thought to have been a "notice of appeal . . . to the County Court at Law #2 since it was an Associate Judge who signed the order."

purports to amend the Associate Judge's order of May 23, 2017. On August 8, 2017, Tameka filed a hand-written document entitled *Motion for New Child Support Hearing*, requesting a hearing on her request for child support pertaining to T.S.H. and S.A.H., Jr. Initially, the trial court clerk did not forward Tameka's motion to this court because it was construed to be a motion for new trial pertaining to the order signed by Judge Sirmon on July 10, 2017. According to a letter from Alvina Musick, Deputy District Clerk, Judge Sirmon was taking the position that Tameka's motion was a "notice of appeal" from the July 10, 2017 *Order Adopting Associate Judge's Report*. Thereafter, on September 7, 2017, the clerk's record in this cause was filed, including both orders and both "notices of appeal."

ANALYSIS—SHAKA'S APPEAL

A party to a proceeding before a Title IV-D Associate Judge may request a *de novo* hearing before the referring court by filing with the clerk of the referring court a written request not later than the third working day after the date the associate judge signs the order or judgment. *See* TEX. FAM. CODE. ANN. § 201.1042(b) (West 2014). Except as to proposed orders or judgments providing for enforcement by contempt or immediate incarceration (not involved here), an associate judge's order becomes the order or judgment of the referring court *by operation of law* without ratification unless a request for a *de novo* hearing is timely filed. *See* TEX. FAM. CODE ANN. § 201.1041(a) (West 2014); *In re W.M.H*, No. 02-14-00003-CV, 2014 Tex. App. LEXIS 12158, at *4 (Tex. App.—Fort Worth Nov. 6, 2014, no pet.) (mem. op.). *See also In re C.S.*, No. 07-17-00329-CV, 2017 Tex. App. LEXIS 9060, at *1 n.2 (Tex. App.—Amarillo Sept. 26, 2017, no pet.) (per curiam) (mem. op.). Here, because a request for a *de novo* hearing was not filed within

3

three working days of May 23, 2017, the date the associate judge's order was signed, that order became a final, appealable order of the referring court.

Consequently, the appellate timetables began to run on May 23, 2017, and a notice of appeal from the associate judge's order was due within thirty days of that date, i.e., by June 22, 2017. *See* Tex. R. App. P. 26.1 (providing that a notice of appeal is due within thirty days after a judgment is signed or within ninety days if a motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law is timely filed.) Because Shaka's "notice of appeal"[3] was filed on June 16, 2017, that notice was timely filed, and it invoked the jurisdiction of this court.

ANALYSIS—TAMEKA'S APPEAL

While this court had jurisdiction of Shaka's appeal (albeit not formally docketed because the notice had not been forwarded to the clerk of this court), without a request for *de novo* hearing having been filed (timely or otherwise), and without a new motion to modify, correct, or amend the prior order of May 23, 2017 having been filed, the trial court purported to hold a *de novo* hearing on July 10, 2017. At the conclusion of that hearing, Judge Sirmon entered an *Order Adopting Associate Judge's Report* which purported to *amend* the May 23, 2017 order of the Associate Judge.

On August 8, 2017, in response to Judge Sirmon's order of July 10, 2017, Tameka filed her *Motion for New Child Support Hearing.* The trial court below construed Tameka's

---

[3] The trial court clerk did not immediately recognize Shaka's filing as a notice of appeal. The unsigned and untitled document did, however, contain the specific statement that "I would like to Appeal this order please." Consequently, it was not forwarded to this court until after Judge Sirmon construed Tameka's *Motion for New Child Support Hearing* as a notice of appeal from her order of July 10, 2017.

4

*pro se* motion as a notice of appeal concerning the July 10, 2017 order and ordered the trial court clerk to forward it to this court.

Regardless of whether an appeal has been perfected, a trial court retains plenary power to modify, correct, or reform an order or judgment for thirty days after the order or judgment is signed. TEX. R. CIV. P. 329b(d). Once a trial court's plenary power has expired, an order or judgment cannot be set aside or modified by the trial court (except for clerical errors) except by bill of review for sufficient cause, filed within the time provided by law. *Id.* at 329b(f). Subject to a new motion to modify being filed in accordance with chapter 156 of the Texas Family Code, once the time for an appeal has expired, a bill of review becomes the exclusive remedy to modify or vacate the judgment or a provision thereof. *In re Marriage of Vogel*, 885 S.W.2d 648, 650-511 (Tex. App.—Amarillo 1994, writ denied). Therefore, because the trial court's plenary power concerning the order of May 23, 2017 had expired and no chapter 156 motion to modify in suit affecting the parent-child relationship had been filed, the trial court lacked jurisdiction to enter the order of July 10, 2017. In that regard, appellate jurisdiction of the merits of a case extends no further than the original jurisdiction of the court from which the appeal has been taken. *Ward v. Malone*, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003, pet. denied). Accordingly, if the trial court lacked jurisdiction, then the appellate court only has jurisdiction to set the judgment aside and dismiss the appeal. *Id.*

On January 12, 2018, because it appeared that Judge Sirmon's order of July 10, 2017, was issued without the jurisdiction of the trial court being properly invoked, this court sent a letter to Tameka requesting that she show why this court had jurisdiction over her appeal. Having received no response, because we find that the trial court did not

have jurisdiction to enter the order of July 10, 2017, we find that order to be void. Accordingly, we set that judgment aside and we dismiss Tameka's purported appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

CONCLUSION

Tameka's appeal is severed into Cause Number 07-18-00055-CV and that appeal is dismissed for want of jurisdiction. Shaka's appeal will remain pending under Cause Number 07-17-00309-CV and will proceed in due course.

Per Curiam