COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS



| | | |
|---|---|---|
| ALICIA GONZALEZ AND ERNESTO GONZALEZ, and ALL OTHER OCCUPANTS OF 641 Milton Henry Avenue, El Paso, Texas, | § § § § | No. 08-12-00310-CV Appeal from the |
| Appellants, | § | County Court at Law No. 5 |
| v. | § | of El Paso County, Texas |
| WELLS FARGO BANK, N.A., Appellee. | § § | (TC# 2011-CCV03312) |

## O P I N I O N

Appellants Alicia and Ernesto Gonzalez challenge the trial court's grant of a writ of possession to Wells Fargo Bank, N.A., for property located at 641 Milton Henry Avenue, El Paso, Texas ("the Property"). In two issues, Appellants contend the county court at law lacked jurisdiction to enter the writ pursuant to an Agreed Judgment because an underlying title suit was then pending in district court. Alternatively, Appellants maintain that no record evidence exists to show Appellants actually agreed to the judgment. We affirm.

## BACKGROUND

Wells Fargo purchased the Property at a non-judicial foreclosure sale in July 2011.[1]

---

[1] Wells Fargo maintains that this foreclosure took place pursuant to a deed of trust that named Appellants as tenants at sufferance following the foreclosure. However, in its brief, Wells Fargo's citation to the clerk's record directs us to a deed of trust that lists two borrowers who are not subject to this appeal. There is no evidence in the record

Wells Fargo sent Appellants a written notice to vacate the premises following its purchase of the Property, then filed suit for forcible detainer. Appellants answered and sought a plea in abatement to allow for resolution of the underlying title dispute in a collateral wrongful foreclosure suit filed in district court. The justice court granted a writ of possession to Wells Fargo, and Appellants appealed.

On appeal but prior to trial *de novo* in County Court at Law No. 5, the parties reached a Rule 11 settlement agreed ("the Agreed Order") allowing Appellants to stay in possession of the property under certain conditions. The Agreed Order contained an attached Agreed Judgment. The Agreed Order specified that the trial court would "sign the Agreed Judgment that had been approved by the parties and attached hereto" and thereby grant possession to Wells Fargo pending resolution of the wrongful foreclosure suit, Appellants' failure to continue making payments, or August 15, 2012, whichever event occurred first.

Appellants do not dispute they defaulted on the Agreed Order by failing to meet one of the conditions precedent to their continued possession of the property. The County Court at Law No. 5 subsequently signed and entered the Agreed Judgment. Appellants appealed that judgment to this Court.

## DISCUSSION

In Issue One, Appellants argue that the trial court lacked subject matter jurisdiction to enter a writ of possession under the terms of the Agreed Judgment, since a collateral title suit was then pending in district court and "there was no evidence of a landlord-tenant relationship" between Appellants and Wells Fargo. In Issue Two, Appellants contend that the Agreed Judgment is invalid as a consent judgment because no record evidence demonstrates that they ever, in fact, consented to it. We disagree with Appellants on both fronts.

before this Court establishing what the Appellants' deed of trust entailed.

*Standard of Review and Applicable Law*

We review questions of subject matter jurisdiction *de novo*. *Gibson v. Dynegy Midstream Services, L.P.*, 138 S.W.3d 518, 522 (Tex.App.--Fort Worth 2004, no pet.). For state trial courts of limited jurisdiction, "the authority to adjudicate must be established at the outset of each case, as jurisdiction is never presumed." *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000). The justice courts are such limited jurisdiction courts, having original jurisdiction over a limited class of actions, including forcible detainer cases. *See* TEX.GOV'T CODE ANN. § 27.031(a)(2)(West Supp. 2013). "Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo." *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex.App.--Dallas 2001, no pet.); *see also* TEX.PROP.CODE ANN. § 24.004 (West Supp. 2013).

"[T]he sole issue in a forcible detainer action is who has the right to immediate possession of the premises." *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex.App.--Houston [1st Dist.] 2004, no pet.). "[T]he question of the merits of a party's title are beyond the scope of an action for forcible entry and detainer." *Kaldis v. Aurora Loan Services*, No. 01-09-00270-CV, 2010 WL 2545614, at *3 (Tex.App.--Houston [1st Dist.] June 24, 2010, pet. dism'd w.o.j.)(mem. op.); *see also* TEX.R.CIV.P. 510.3(e). "However, if the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title." *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex.App.--San Antonio 2001, pet. dism'd w.o.j.). "In such a case involving a genuine issue of title, neither the justice court, nor the county court on appeal, has jurisdiction." *Id*. at 558. "A justice court or county court at law is not deprived of jurisdiction merely by the existence of a title dispute; rather, it is deprived of jurisdiction only if the right to immediate possession necessarily requires the resolution of a

title dispute." *Bruce v. Fed. Nat. Mortg. Ass'n*, 352 S.W.3d 891, 893 (Tex.App.--Dallas 2011, pet. denied)[Internal citation and quotation marks omitted].

The Texas Property Code establishes that a person who refuses to surrender possession of real property on demand commits a forcible detainer if the person, without obtaining rights through forcible entry:

> (1) is a tenant or a subtenant wilfully and without force holding over after the termination of the tenant's right of possession; [or]
>
> (2) is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease . . . .

TEX.PROP.CODE ANN. § 24.002(a)(West 2000).

"The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005." TEX.PROP.CODE ANN. § 24.002(b).

### *Analysis*

Appellants maintain that because they raised the issue of proper title in a collateral district court action, the justice court was precluded from acting on the forcible detainer suit until that title suit was resolved. However, merely raising the issue of title is not enough to defeat the justice court's original jurisdiction. *Bruce*, 352 S.W.3d at 893. The Property Code provides for parallel, separate title and possession suits in the justice courts and the county courts at law unless resolution of possession "*necessarily requires the resolution of a title dispute.*" *Rice*, 51 S.W.3d at 713 [Emphais in orig., internal citation omitted]. Where property is sold at a non-judicial foreclosure sale pursuant to a deed of trust, and where the deed of trust itself establishes a landlord and tenant-at-sufferance relationship between the purchaser and the former homeowners, we may uphold a writ of possession without ever reaching the issue of title on the

independent basis of the landlord-tenant relationship established in the deed of trust. *Rice*, 51 S.W.3d at 711.

Here, Wells Fargo has failed to direct this Court's attention to the deed of trust at issue, meaning that, unlike in *Rice*, we cannot determine whether a landlord-tenant relationship existed by virtue of the deed of trust. However, a copy of the superseding Rule 11 settlement agreement between Appellants and Wells Fargo under the Agreed Order does appear in the clerk's record, and by its plain terms, establishes a landlord-tenant-type relationship between the parties. As such, the justice court and the county court, sitting on appeal, could properly act and determine the issue of who had superior right of possession without necessarily needing to assess who owned title to the Property. Appellants have failed to establish a genuine title issue precluding the justice court from exercising jurisdiction over the forcible detainer controversy, and their jurisdictional argument on this point is without merit. We overruled Issue One.

As for Appellants' argument that the record fails to show they affirmatively assented to the Agreed Judgment, we find it unconvincing. "When a consent judgment is rendered without consent or is not in strict compliance with the terms of the agreement, the judgment must be set aside." *Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006). In our review of the record before us, we find that although Appellants' counsel did not sign the Agreed Judgment at the time of rendition, prior to the judgment he did sign the Agreed Order, which explicitly incorporates the proposed Agreed Judgment by reference and states that the Agreed Judgment "has been approved by the parties and attached hereto . . . ." The proposed Agreed Judgment attached to the Agreed Order, although unsigned by Appellants, is signed by counsel for Wells Fargo and contains a handwritten annotation from Appellants' counsel stating "Judge: Please do not sign this one – yet. Thank you . . . ." The Agreed Judgment the trial court actually approved

is identical in form and substance to the proposed Agreed Judgment that was attached to the parties' Agreed Order.

The Agreed Judgment clearly became operative by consent to the overarching Agreed Order and the undisputed occurrence of a triggering event. *See Chisholm*, 209 S.W.3d at 98 (trial court's consent judgment is valid where parties actually consent and the judgment strictly complies with their agreement). Further, Appellants fail to point us to anything in the record—beyond the failure of Appellants' counsel to sign the Agreed Judgment—indicating that they affirmatively withdrew their consent to the Agreed Judgment and conveyed this withdrawal to the trial court prior to rendition of judgment, as is required for Rule 11 settlement agreements. *See In re Caballero*, -- S.W.3d --, 2014 WL 1632522, at *7 (Tex.App.--El Paso 2014, orig. proceeding); *Clanin v. Clanin*, 918 S.W.2d 673, 677 (Tex.App.--Fort Worth 1996, no writ)(withdrawal of consent must be demonstrated by record evidence). As such, the agreement was presumptively valid and binding, and the trial court did not err by entering judgment by consent.

Appellants also urge us to vacate the Agreed Judgment on the basis that specific fact-findings in the Agreed Judgment are unsupported by legally or factually sufficient evidence in the record. We decline to entertain these arguments. While Appellants are correct that by filing an answer, they disputed the operative facts at issue and thereby placed the onus on the plaintiff to affirmatively prove the case laid out in its pleadings, *see Bradley Motors, Inc. v. Mackey*, 878 S.W.2d 140, 141 (Tex. 1994), by consenting to the Agreed Judgment under the terms of the Agreed Order and failing to convey withdrawal of consent, Appellants essentially stipulated to the fact-findings contained in the Agreed Judgment and waived their ability to challenge those fact-findings for legal and factual sufficiency. *See Baw v. Baw*, 949 S.W.2d 764, 766 (Tex.App.-

6

-Dallas 1997, no writ)(holding that "party's consent to the trial court's entry of judgment waives any error, except for jurisdiction error, contained in the judgment . . . "); *Pope v. Powers*, 91 S.W.2d 873, 874-75 (Tex.Civ.App.--El Paso 1936, no writ), *rev'd on other grounds*, 120 S.W.2d 432, 436 (Tex.Com.App. 1938)(where court has jurisdiction, agreed judgment is valid "though the pleadings would not be regarded as sufficient to support the same, if the case had been a contested one").

On the record presented, we find that because Appellants did not effectively withdraw their consent to the Agreed Judgment prior to rendition, the Agreed Judgment governs the possessory relationship between Appellants and Wells Fargo in relation to the Property. Since Appellants became tenants at sufferance under that Agreed Judgment, Wells Fargo established it had a superior right of possession, and the trial court did not err in granting a writ of possession to Wells Fargo.

Issue Two is overruled. The judgment of the trial court is affirmed.


July 3, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.