

# NUMBER 13-14-00110-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**RICARDO VAIZ,**                                                                    **Appellant,**

**v.**

**FEDERAL NATIONAL
MORTGAGE ASSOCIATION,**                                                  **Appellee.**

**On appeal from the County Court at Law No. 2
of Cameron County, Texas.**

# ORDER OF ABATEMENT

**Before Justices Rodriguez, Garza and Longoria
Order Per Curiam**

On June 6, 2013, appellee Federal National Mortgage Association ("Fannie Mae") filed a forcible-detainer petition against Ricardo Vaiz and all occupants in a justice of the peace court in Cameron County Texas. Fannie Mae sought to evict Vaiz from certain property located at "22329 FM 2556, La Feria, T[exas] 78559 a/k/a West Cantu Road, Santa Rosa, T[exas] 78593." The justice court entered judgment awarding possession

to Fannie Mae. Vaiz appealed to County Court at Law Number 2 of Cameron County, which entered judgment awarding possession to Fannie Mae. This appeal followed.

This case is before this Court on the briefs. Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. *See* TEX. PROP. CODE ANN. § 24.004(a) (West, Westlaw through Chapter 46 2015 R.S.); *Gonzalez v. Wells Fargo Bank, N.A.*, 441 S.W.3d 709, 712 (Tex. App.—El Paso 2014, no pet.); *see also* TEX. R. CIV. P. 510.3(b) ("[A forcible detainer action] must be filed in the precinct where the premises is located. If it is filed elsewhere, the judge must dismiss the case."). In a forcible detainer action, the appellate jurisdiction of a county court-at-law is confined to the jurisdictional limits of the justice court, so that the county court has no jurisdiction over an appeal unless the justice court had jurisdiction. *Aguilar v. Weber*, 72 S.W.3d 729, 731 (Tex. App.—Waco 2002, no pet.).

The body of Fannie Mae's original petition states that the subject property is located in "Justice of the Peace Precinct 7 in Cameron County, Texas." However, the style of the petition states "Precinct 5, Position 3" in Cameron County. Similarly, the judgment of the justice court states that the property is located in "Precinct 7, Place 1," but the style reflects "Precinct 5 Position 3."

In county court, Fannie Mae filed a motion for summary judgment asserting its right to possession of the property. In his response to Fannie Mae's motion, Vaiz asserted that "the court designation is precinct 5, position 3 and in the body of the judgment it states precinct 7, place 1." Vaiz further noted that a forcible detainer action must be dismissed if brought in the wrong precinct. The county court's judgment awarding Fannie Mae possession of the property states that "[t]his is an appeal from a judgment entered

2

in an eviction proceeding in the Justice Court, either Precinct 5, Position 3 or Precinct 7, Place 1, Cameron County Texas . . . ."

The resolution of the jurisdictional issues presented in this appeal depends on whether the property is located within "Precinct 7 Place 1" or within "Precinct 5 Place 3," the justice court in which Fannie Mae's petition was filed. The record before this Court fails to contain any evidence showing: (1) the specific geographical delineation of Precinct 5, Place 3; and (2) a certified legible map showing the location of Vaiz's property in relation to the geographical boundaries of Precinct 5, Place 3. Accordingly, we ABATE and REMAND this appeal for the proceedings specified herein.

Upon remand, the judge of the county court shall immediately cause notice to be given and conduct a hearing regarding supplementation of the appellate record with the aforementioned information. *See* TEX. R. APP. P. 34.5(c). The county court shall include this information together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. The county court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of forty-five days from the date of this order. This appeal will be reinstated upon receipt of the foregoing materials and upon further order of this Court.

It is so ORDERED.

PER CURIAM

Delivered and filed the
22nd day of June, 2015.

3