

**NUMBER 13-14-00110-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RICARDO VAIZ,** **Appellant,**

**v.**

**FEDERAL NATIONAL
MORTGAGE ASSOCIATION,** **Appellee.**

---

**On appeal from the County Court at Law No. 2
of Cameron County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Longoria
Memorandum Opinion by Justice Garza**

Ricardo Vaiz appeals from a summary judgment rendered against him in a forcible

detainer action filed by appellee, Federal National Mortgage Association ("Fannie Mae").

By four issues, appellant contends: (1) the justice and county courts lacked jurisdiction

because Fannie Mae did not establish that the action was filed in the justice court of the

precinct where the property was located; (2) the trial court abused its discretion in denying his request for discovery; (3) the trial court erred in granting summary judgment in favor of Fannie Mae; and (4) the trial court erred in finding that Fannie Mae presented evidence that proper notice to vacate was sent to Vaiz. We affirm.

## I. BACKGROUND

Fannie Mae filed its forcible detainer action on June 6, 2013 against Vaiz and all occupants in justice of the peace court "Precinct 5, Position 3" in Cameron County, Texas. Fannie Mae sought to evict Vaiz from certain property located at "22329 FM 2556, La Feria, T[exas] 78559 a/k/a West Cantu Road, Santa Rosa, T[exas] 78593." Appellant filed an answer and plea to the jurisdiction, in which he asserted various affirmative defenses and argued that title was at issue because he did not receive notice of foreclosure or notice of eviction. The justice court entered judgment awarding possession to Fannie Mae in July 2013. Vaiz appealed de novo to Cameron County Court-at-Law Number 2.

In County Court-at-Law Number 2, Fannie Mae filed a motion for summary judgment on its claim for forcible detainer. Fannie Mae attached as summary judgment evidence: (1) a business records affidavit from its law firm regarding documents relating to the Vaiz file; (2) a Substitute Trustee's Deed showing that Fannie Mae purchased the Vaiz property at a foreclosure sale on November 6, 2012; and (3) a 2007 Deed of Trust signed by the Vaizes securing a loan on the property. Following a December 18, 2013 hearing, the county court granted summary judgment in favor of Fannie Mae. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review summary judgments de novo. *Joe v. Two Thirty Nine Joint Venture*,

2

145 S.W.3d 150, 156 (Tex. 2004); *Nalle Plastics Family Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 199 (Tex. App.—Corpus Christi 2013, pet. denied). The movant must establish that no fact issue exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In reviewing a summary judgment, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). We must view all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *See id.* at 756. We must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Joe*, 145 S.W.3d at 157.

"In an action of forcible detainer, the only issue shall be as to the right to actual possession, and the merits of the title shall not be adjudicated." *U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex. App.—Dallas 2008, no pet.) (citing TEX. R. CIV. P. 746; *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.)). "'To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession.'" *Id.* (quoting *Rice*, 51 S.W.3d at 709). By statute, a claim for forcible detainer requires the plaintiff to prove that it gave proper notice to the tenant at will or by sufferance and that the tenant refused to vacate the premises. TEX. PROP. CODE ANN. §§ 24.002, 24.005 (West, Westlaw through 2015 R.S.); *see Freeney,* 266 S.W.3d at 625; *see also Heckendorn v. First Mortgage Co.*, No. 13-12-00451-CV, 2013 WL 5593520, at *3 (Tex. App.—Corpus Christi July 29, 2013, no pet.) (mem. op.) In order to prevail on its forcible detainer action, Fannie Mae was required to show: (1) the substitute trustee

conveyed the property by deed to Fannie Mae after the foreclosure sale, (2) the persons against whom action is sought are tenants at sufferance, (3) Fannie Mae gave the persons against whom action is sought proper notice requiring them to vacate the premises, and (4) the persons against whom action is sought have refused to surrender possession of the property. *See* TEX. PROP. CODE ANN. § 24.002; *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568–69 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.); *Freeney*, 266 S.W.3d at 625.

## III. DISCUSSION

### A. Jurisdiction

By his first issue, appellant contends that both the justice and county courts lacked jurisdiction because it was not established that the subject property is located within the county precinct where the forcible detainer action was filed. *See* TEX. PROP. CODE ANN. § 24.004(a) (West, Westlaw through 2015 R.S.); *Gonzalez v. Wells Fargo Bank, N.A.*, 441 S.W.3d 709, 712 (Tex. App.—El Paso 2014, no pet.); *see also* TEX. R. CIV. P. 510.3(b) ("[A forcible detainer action] must be filed in the precinct where the premises is located. If it is filed elsewhere, the judge must dismiss the case."). Specifically, appellant complains that "[f]rom the beginning, it was known that the property was located in the justice of the peace precinct 7 in Cameron County, Texas. However, the complaint was filed in Precinct 5." Appellant raised this complaint in his response to Fannie Mae's motion for summary judgment.

On June 22, 2015, this Court abated the appeal and ordered the county court to: (1) hold a hearing, (2) submit a supplemental reporter's record of the hearing, and (3) submit a supplemental clerk's record showing the geographical delineation of Precinct 5,

4

Place 3 and the location of the subject property within the boundaries of Precinct 5, Place 3.

On August 3, 2015, the county court held a hearing. Counsel for Vaiz appeared in person and counsel for Fannie Mae appeared by telephone on "CourtCalls." Fannie Mae's counsel explained that, in response to this Court's order, she had identified Cameron County "Resolution 2011R",[1] which adopted new justice of the peace precincts. The resolution notes, in pertinent part, that: "Presiding Judge Adam Gonzales, sitting in La Feria before the merger as Justice of the Peace Precinct 7, Place 1, shall continue to serve in La Feria with the new designation of Justice of the Peace, Precinct 5, Place 3, hereafter." At the hearing, the county court asked whether a copy of the resolution had been provided to this Court; Fannie Mae's counsel responded that she had done so. A copy of the resolution was included in a supplemental clerk's record filed on August 7, 2015. On September 3, 2015, Fannie Mae's counsel filed a letter and an accompanying map with this Court. The map purports to show the geographical boundaries of the justice of the peace precincts of Cameron County and reflects that the subject property, located at "22329 FM 2556, La Feria, Texas, 78559" is, in fact, within the boundaries of Precinct 5.

On August 24, 2015, appellant filed an objection to this Court's consideration of Cameron County Resolution 2011R. Appellant complains, among other things, that: (1) he did not receive a copy of the resolution until after the hearing; (2) Resolution 2011R states that it is effective conditioned on the approval of the United States Department of Justice, and there is no evidence of the Justice Department's approval; and (3) Texas

---

[1] Although counsel referred to the resolution at the hearing as "the 2012 order," Cameron County Resolution 2011R was passed and approved by the Cameron County Commissioner's Court on November 23, 2011.

Rule of Appellate Procedure 34.5 does not permit the creation of a new trial court record. *See* TEX. R. APP. P. 34.5.

"We have an independent duty to determine *sua sponte* whether we have the authority to hear an appeal[.]" *Castle & Cooke Mortgage, LLC v. Diamond T Ranch Dev., Inc.,* 330 S.W.3d 684, 687 (Tex. App.—San Antonio 2010, no pet.); *Gardner v. Stewart,* 223 S.W.3d 436, 438 (Tex. App.—Amarillo 2006, pet. denied) ("As a matter of first consideration, any court has the duty to determine, *sua sponte*, whether it has jurisdiction to hear the case."). The determination of the jurisdictional issue depends on the extent of the county court at law's appellate jurisdiction. *See Aguilar v. Weber*, 72 S.W.3d 729, 731 (Tex. App.—Waco 2002, no pet.). The appellate jurisdiction of a statutory county court is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over an appeal unless the justice court had jurisdiction. *Id.* We may consider materials outside the record to determine whether we have jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.220(c) (West, Westlaw through 2015 R.S.) ("Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction."); *Jones v. Griege*, 803 S.W.2d 486, 488 (Tex. App.—Dallas 1991, no writ) (relying on attorney's letter to court in determining jurisdiction). Where this Court's jurisdiction is unclear, we may require further facts and briefing. *Willard v. Davis*, 881 S.W.2d 907, 910 (Tex. App.—Fort Worth 1994, orig. proceeding).

We find that the documents submitted to this Court, including Cameron County Resolution 2011R and the map showing the boundaries of Cameron County Precinct 5 and the location of the subject property within those boundaries, are sufficient to establish that the forcible detainer action was filed in the justice court of the precinct where the

6

property is located.  *See* TEX. PROP. CODE ANN. § 24.004; *Aguilar*, 72 S.W.3d at 731.

Accordingly, the justice court had jurisdiction, the county court had jurisdiction, and we

have jurisdiction.  *See Aguilar*, 72 S.W.3d at 731.  We overrule appellant's first issue.

## B.  Discovery

By his second issue, appellant contends that the trial court abused its discretion

by denying his request for discovery.  Specifically, appellant argues that "the trial court

abused its discretion for not granting the protective order and for not following Rule 245

of the Texas Rules of Civil Procedure."  Fannie Mae responds that the trial court did not

abuse its discretion by denying appellant's discovery requests because the requests:  (1)

were unrelated to the single issue of possession before the court and (2) were untimely.

We conclude, however, that nothing is preserved for review because the issue is

inadequately briefed.  *See* TEX. R. APP. P. 38.1(i) (providing that a brief must contain a

clear and concise argument for the contentions made, with appropriate citations to

authorities and to the record).  Here, appellant has not provided a single citation to the

record regarding his discovery requests.  There is no cogent argument or citation to

applicable legal authorities.  Failure to cite legal authority or provide substantive analysis

results in waiver of the complaint.  *See Fulgham v. Fischer*, 349 S.W.3d 153, 158 (Tex.

App.—Dallas 2011, no pet.).  Appellant's second issue is overruled.

## C.  Summary Judgment

By his third issue, appellant contends the trial court erred in granting summary

judgment "in that Appellant had never received any notice of eviction nor was he ever

informed of the eviction through any other means as allowed by law."  Appellant asserts

that he is "challenging the factual sufficiency of the evidence," but does not identify any

particular element that he is challenging on the basis of evidentiary sufficiency.  He argues

that he "may rely on circumstantial evidence" "to defeat a motion for summary judgment." He further asserts that he has "presented more than enough evidence to defeat any motion for the summary judgment."

Here, Fannie Mae presented sufficient evidence of ownership to establish a superior right to possession without relying upon the ultimate resolution of title. *See Freeney*, 266 S.W.3d at 625. By summary judgment proof attached to its motion, Fannie Mae presented: (1) the Substitute Trustee's Deed showing it purchased the property at the foreclosure sale; (2) the Deed of Trust containing a tenant at sufferance clause; (3) the notice to vacate; and (4) the business records affidavit asserting the notice was sent to appellant. These documents are sufficient to establish Fannie Mae's superior right to immediate possession of the property. *See* TEX. PROP. CODE ANN. § 24.002; *Freeney*, 266 S.W.3d at 625. Appellant did not submit any evidence creating a fact issue as to whether Fannie Mad had a superior right to possession. We overrule appellant's third issue.

### D. Notice

By his fourth issue, appellant contends the trial court abused its discretion because "there is no evidence that shows that [Fannie Mae] sent Appellant notice to vacate nor used any alternative method for giving notice prior to filing the eviction suit[.]" Appellant argues that the notice in this case was "not realistic" and that Fannie Mae "should have looked for alternative methods of notification."

Fannie Mae's summary judgment evidence includes copies of the notice to vacate sent to appellant by certified mail at several addresses, including "22329 FM 2556, La Feria, TX 78559" and "West Cantu Road, Santa Rosa, TX 78593." The notices were returned with the designation "No such number, unable to forward." Fannie Mae's

8

business records affidavit states that notice was sent to "22329 FM 2556, La Feria, Texas a/k/a West Cantu Road, Santa Rosa, Texas 78593." The "Property Address" listed in the Deed of Trust is "West Cantu Road, Santa Rosa, Texas 78593."

Paragraph 15 in the Deed of Trust provides that notice is "deemed to have been given to the [b]orrower when mailed by first class mail" to the borrower at the Property Address provided in the Deed of Trust. It further provides that the borrower shall promptly notify the lender of any change of address. Pursuant to the terms of the deed, appellant became a tenant at sufferance at the time of the foreclosure. Section 24.005 of the property code provides that Fannie Mae was required to give only three days' "written notice to vacate" before filing suit. *See* TEX. PROP. CODE ANN. § 24.005(b).[2] Fannie Mae provided the required notice to the Property Address as stated in the Deed of Trust. Although appellant argues that Fannie Mae should have sought an alternative means of notification, he has directed us to no authority, and we have found none, requiring such action. We overrule appellant's fourth issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
5th day of November, 2015.

_____

[2] The statute provides, in pertinent part: "If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement." TEX. PROP. CODE ANN. § 24.005(b) (West, Westlaw through 2015 R.S.).