

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00080-CV

TWAN BURGESS AND ERICA BURGESS, Appellants

V.

WINTERMUTE ENTERPRISES, LLC, AND
ZACHARIAH A. WINTERMUTE, AGENT, Appellees

On Appeal from the County Court at Law No. 1
Bell County, Texas
Trial Court No. 86,846

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After Wintermute Enterprises, LLC (Wintermute), purchased the house and real property located at 3709 Bassett Drive in Killeen (the Property) at a substitute trustee's sale, Wintermute presented a notice to vacate the Property to its occupants, Twan and Erica Burgess (collectively the Burgesses). When the Burgesses refused to vacate, Wintermute filed a forcible detainer action in the Justice Court of Bell County.[1] The Burgesses appealed the Justice Court's unfavorable judgment to the County Court at Law No. 1 of Bell County, where a jury determined that Wintermute had purchased the Property at a foreclosure sale, that Wintermute provided the Burgesses with a proper notice to vacate, that the Burgesses were tenants at sufferance, and that Wintermute had a greater right of possession to the Property. In accordance with the jury verdict, the trial court entered its judgment of possession in favor of Wintermute.

In this pro se appeal, the Burgesses (1) challenge the validity of the substitute trustee's sale and (2) contend that Wintermute could not bring a forcible detainer action against them. Because we find that (1) we do not have jurisdiction to entertain the Burgesses' challenge to Wintermute's title, and (2) the forcible detainer action was proper, we will affirm the trial court's judgment.

In their first issue, the Burgesses complain that the substitute trustee's sale was improper because they had, prior to the sale, filed for federal bankruptcy protection.[2] We interpret this

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3

[2]The record contains a copy of an order of discharge under Title 11, Section 727, of the U.S. Code granted to Twan Burgess and entered on August 10, 2016. However, there is no evidence in the record showing that the lien on the

complaint as an attack on Wintermute's title. However, the only issue in a forcible detainer action is who has the immediate right of possession to the property. *Jae Yoo v. 4300 Burch, LLC*, No. 03-17-00709-CV, 2018 WL 3029035, at \*2 (Tex. App.—Austin June 19, 2018, no pet.) (mem. op.) (citing *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.)). "Neither the justice court nor the county court on appeal has jurisdiction to resolve issues of title to real property in a forcible-detainer suit." *Id.* (citing *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio, pet. dism'd w.o.j.)). Rather, "challenges to title or to the foreclosure process must be pursued, if at all, in a separate suit." *Id.* (citing *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd)).

Since the issues of title and the impropriety of the substitute trustee's sale were not before the county court at law in this forcible detainer action, we cannot address the Burgesses' challenge to the propriety of the substitute trustee's sale. *Tehuti v. Bank of New York Mellon Trust Co., Nat'l Ass'n*, 517 S.W.3d 270, 274 (Tex. App.—Texarkana 2017, no pet.). We overrule the Burgesses' first issue.

The Burgesses' second issue contends that a forcible detainer action was not available against them. They argue that, since there was no lease, they were not tenants, and Wintermute was not a landlord. This issue is without merit.

The Texas Property Code provides that "[a] person who refuses to surrender possession of real property on demand commits a forcible detainer if the person: . . . (2) is a tenant at will or by

---

Property was avoided or eliminated by the bankruptcy court. Wintermute purchased the Property at the substitute trustee's sale on November 7, 2017.

3

sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease." TEX. PROP. CODE ANN. § 24.002(a)(2) (West 2014). The evidence at trial included a deed of trust executed by the Burgesses, as borrowers. The deed of trust provided that, upon default by the borrowers (i.e., the Burgesses) and a trustee's sale of the Property, the Burgesses would surrender the property to the purchaser at the trustee's sale. In the event the Burgesses did not surrender the property, the deed of trust provided that they would become tenants at sufferance. The evidence also showed that Wintermute was the purchaser at such sale.

Thus, a landlord-tenant relationship between Wintermute and the Burgesses was created pursuant to the deed of trust when Wintermute purchased the Property at the substitute trustee's sale. *See Gonzalez v. Wells Fargo Bank, N.A.*, 441 S.W.3d 709, 713 (Tex. App.—El Paso 2014, no pet.); *Rice v. Pinney*, 51 S.W.3d 705, 711–12 (Tex. App.—Dallas 2001, no pet.). We overrule the Burgesses' second issue.

For the reasons stated, we affirm the trial court's judgment.


Josh R. Morriss III
Chief Justice


Date Submitted:     March 14, 2019
Date Decided:       April 3, 2019

4