

# NUMBER 13-24-00058-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ARACELY ENTERPRISES, LLC,                                          Appellant,

v.

SESATTY ENTERPRISES, LLC,                                          Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 9
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Justice West**

Appellant Aracely Enterprises, LLC asserts that appellee Sesatty Enterprises, LLC was not entitled to relief in the underlying forcible detainer proceeding because subject matter jurisdiction was lacking. The county court denied appellant's jurisdictional challenge. We reverse and render.

## I.   BACKGROUND

This litigation involves a dispute related to possession of a commercial plaza in McAllen, Texas, that was owned by appellee. The parties agree that, beginning in 2022, Aracely Gonzalez[1] leased units at the plaza in her individual capacity and on behalf of Aracely Gonzalez Insurance and Financial Services, LLC, neither of which are parties in this case. According to appellant's counsel, these leases specified monthly rent in the amount of "a thousand bucks or two thousand bucks" each. After entering the foregoing leases, appellee and appellant entered into a "Real Estate Sale Agreement" (Sales Agreement) on October 31, 2022, which purports to be a seller financing arrangement whereby appellee agreed to sell the plaza to appellant for a sum of $1,100,000 with monthly payments of $11,252.88.[2] The Sales Agreement states the parties will have an attorney prepare a "[p]romissory note, deed of trust, and warranty deed with vendor's lien."

According to Gonzalez, after execution of the Sales Agreement: (1) she was introduced to the plaza's tenants by Lisseth Sesatty[3] as the new owner of the plaza; (2) Sesatty instructed plaza tenants to remit all rental payments to Gonzalez; (3) Gonzalez made $80,000 in repairs to and remodeling of the plaza; and (4) Gonzalez paid the insurance and taxes for the plaza. Gonzalez claims that appellee was unable to perform at closing because appellee does not have clean title to the plaza.

---

[1] Aracely Gonzalez is the agent of appellant who later signed the subject real estate sales agreement on appellant's behalf.

[2] The monthly payment is listed in print as $11,268 but is crossed out and replaced in handwriting with $11,252.88.

[3] Lisseth Sesatty is the agent of appellee who signed the Sales Agreement on appellee's behalf.

In its brief, appellee agrees that it did not have clean title but avers that appellant was unable to close anyway because it would have been unable to tender the required $125,000 down payment at closing. After these developments, appellee offered to return appellant's earnest money deposit.[4] But according to appellee, appellant declined the offer and instead asked appellee to keep the earnest money deposit and allow appellant to pay $11,800 per month as rent for the plaza. Appellee agreed, and appellant began making payments that varied, many of which were between $11,200 and $12,000.00.

Appellant claims it ceased making payments at some point because appellee refused or was unable to close with tender of clean title. Then appellee sent appellant a notice of eviction which stated that appellee would direct plaza tenants to remit rent payments directly to appellee. Thereafter, appellee initiated a forcible detainer action in the justice court seeking possession and $20,000 for five months of back rent. The justice court granted possession to appellee and awarded it $11,200 in damages. Appellant appealed to the county court where two hearings were held. The first hearing considered the issue of possession. There, the parties each argued extensively that each was the true owner of the plaza. Appellant highlighted the Sales Agreement, the lack of a lease between the parties, and its control over the plaza. Appellee highlighted that "the deed" to the plaza bears its name and that appellant failed to remit payments due. Appellee's counsel described the Sales Agreement as a seller-financed contract for deed, while appellant's counsel described it as a traditional mortgage transaction with a promissory note, deed of trust, and warranty deed. The county court granted possession to appellee.

---

[4] The parties do not identify the actual amount paid as the earnest money deposit. However, the Sales Agreement specifies an initial deposit of $25,000.

The next day, appellant filed a plea to the jurisdiction asserting the justice court and county court had no jurisdiction because the matter involved resolution of title issues. After holding a second hearing, the county court denied the plea, and this appeal followed.

Concurrent with this litigation, the parties are also litigating their title dispute related to the plaza in the 206th District Court.

## II.   STANDARD OF REVIEW

Whether a trial court has subject matter jurisdiction is a question of law, which we review de novo. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012). In de novo review, no deference is given to the trial court's decision. *See In re Est. of Slaughter*, 305 S.W.3d 804, 808 (Tex. App.—Texarkana 2010, no pet.) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)). A defendant may challenge jurisdiction by filing a plea to the jurisdiction. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). The plea may attack both facts as pleaded as well as the existence of jurisdictional facts. *Id*.; *Flores v. Tex. Dep't of Crim. Just.*, 634 S.W.3d 440, 450 (Tex. App.—El Paso 2021, no pet.). When a plea to the jurisdiction challenges the existence of jurisdictional facts, the court's review mirrors that of a summary judgement, and we consider relevant evidence submitted by the parties. *Garcia*, 372 S.W.3d at 635.

## III.   DISCUSSION

Appellant argues by a single issue that the justice court and county court lacked jurisdiction to grant possession to appellee.[5]

---

[5] Appellant also asserts two foundational issues that appellee does not contest on appeal. First, appellant argues that its jurisdictional challenge does not fail despite being raised in a post judgment plea. We agree. A litigant may raise challenges to subject matter jurisdiction at any time, even for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993); *Goss v. City of*

Appellee argues that the judgment should be affirmed because appellant violated two statutes that required appellant to deposit rent money in the court registry during this litigation.

## A. Justice Court and County Court Jurisdiction

Appellant argues that a title issue exists depriving the justice court and county court of jurisdiction in this litigation. We agree.

"For state trial courts of limited jurisdiction, 'the authority to adjudicate must be established at the outset of each case, as jurisdiction is never presumed.'" *Town of Anthony v. Lopez*, 661 S.W.3d 667, 670 (Tex. App.—El Paso 2023, pet. denied) (citing *Gonzalez v. Wells Fargo Bank, N.A.*, 441 S.W.3d 709, 712 (Tex. App.—El Paso 2014, no pet.) (quoting (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000)))). Justice courts are courts of limited jurisdiction and, while they have jurisdiction over forcible detainer actions, they have no jurisdiction over actions concerning title to land. TEX. GOV'T CODE ANN. § 27.031(a-b). The county court has no jurisdiction over a forcible detainer appeal unless the justice court did. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434 (Tex. App.—Houston [1st Dist.] 2007, no pet.).[6]

---

*Houston*, 391 S.W.3d 168, 176 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Second, appellant argues Texas Property Code § 24.007—which divests our appellate jurisdiction to decide "issue[s] of possession" related to non-residential properties—does not preclude our appellate jurisdiction in this case. *See* TEX. PROP. CODE ANN. § 24.007. We agree. Our review of whether a lower court had subject matter jurisdiction does not involve "issue[s] of possession" under § 24.007. *Rice v. Pinney*, 51 S.W.3d 705, 707–08 (Tex. App.—Dallas 2001, no pet.); *see also Mattlage-Thurmond v. First Nat'l Bank of McGregor*, No. 10-22-00019-CV, 2022 WL 4546902, at *2 (Tex. App.—Waco Sept. 28, 2022, no pet.) (mem. op.). Therefore, § 24.007 does not deprive our appellate jurisdiction.

[6] We acknowledge that the county court has general jurisdiction over original proceedings—including those involving claims to adjudicate title—where the "matter in controversy does not exceed $750,000." *Ditech Servicing, LLC v. Perez*, 669 S.W.3d 188, 193 (Tex. 2023) (citing TEX. GOV'T CODE § 25.1102). However, this case is not an original proceeding in the county court, invoking its general jurisdiction. Rather, this is an original proceeding in the justice court, specifically a forcible detainer

5

"An action for forcible detainer is a 'summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises.'" *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (quoting *Scott v. Hewitt*, 90 S.W.2d 816 (Tex. 1936)); *Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied). A plaintiff in a forceable detainer action need not prove title but must merely show sufficient evidence to demonstrate a superior right to immediate possession. *Yarto v. Gilliland*, 287 S.W.3d 83, 89 (Tex. App.—Corpus Christi–Edinburg 2009, no pet.). This generally requires proof of a landlord-tenant relationship. *Yarbrough*, 455 S.W.3d at 280; *see also Haywood v. No Bull Invs., LLC*, No. 13-22-00609-CV, 2023 WL 4940543, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 3, 2023, no pet.) (mem. op.) ("[W]ithout a landlord-tenant relationship, a justice court cannot determine the issue of immediate possession without first determining who has title to the property." (quoting *Goodman-Delaney v. Grantham*,

---

proceeding. And even when forcible detainer proceedings are appealed to a county court with general jurisdiction, the court's jurisdiction is confined to that of the justice court's because allowing otherwise would "thwart" the "object" of our forcible detainer law: "speedy, summary, and inexpensive determination[s] of the right to immediate possession." *Nguyen*, 229 S.W.3d at 442 (citing *Texas–Mexican Railway Co. v. Cahil*, 23 S.W. 232, 232 (Tex.Civ.App.-Galveston 1893, writ ref'd) (holding the county court was unable to adjudicate the following claims in a forcible detainer appeal: (1) tortious interference with contractual relations, (2) breach of fiduciary duty, (3) unfair competition, and (4) conspiracy.); *Cahil*, 23 S.W. at 232 (holding the district court was unable to adjudicate a trespass to try title claim in a forcible detainer appeal); *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("The appellate jurisdiction of the county court is confined to the jurisdictional limits of the justice court. Accordingly, notwithstanding the grant of general jurisdiction to a county court, it has no jurisdiction to adjudicate title to real property in a de novo trial on appeal of a forcible detainer suit from justice court."); *Rice v. Pinney*, 51 S.W.3d 705, 708–09 (Tex. App.—Dallas 2001, no pet.) (same); *Garza v. Chavarria*, 155 S.W.3d 252, 255 (Tex. App.—El Paso 2004, no pet.) (same); *Ward v. Malone*, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied) (same) *Alanis v. Wells Fargo Bank Nat'l Ass'n*, 616 S.W.3d 1, 6 (Tex. App.—San Antonio 2020, pet. denied) ("[T]he county court has no jurisdiction over a forcible-detainer appeal unless the justice court did.") *see also Hands of Healing Residential Treatment Ctr., Inc. v. Havenar*, No. 01-13-01064-CV, 2015 WL 4760211, at *4 (Tex. App.—Houston [1st Dist.] Aug. 13, 2015, no pet.) ("[I]n forcible-detainer actions, justice and county courts lack jurisdiction to adjudicate claims beyond the right to immediate possession.") (mem. op.).

6

484 S.W.3d 171, 174 (Tex. App.—Houston [14th Dist.] 2015, no pet.)). Lack of a landlord-tenant relationship in a forcible detainer suit indicates a title issue is intertwined with the issue of possession. *Yarto*, 287 S.W.3d at 89; *Yarbrough*, 455 S.W.3d at 280. And when such is the case, the possession issue may not be adjudicated without first determining title. *Lopez*, 661 S.W.3d at 671. Under these circumstances, the justice court is deprived of jurisdiction because the matter no longer involves a mere determination of the right to immediate possession. *Id*.

Here, no landlord-tenant relationship has been established between appellee and appellant. *See Ward*, 115 S.W.3d at 270–71 (reviewing the record and holding that the justice and county court did not have jurisdiction over the forceable detainer action because the record did not show that a landlord-tenant or tenancy-at-sufferance relationship existed between the parties); *Yarto*, 287 S.W.3d at 89–90 (finding landlord-tenant relationship was unestablished where parties disputed their relationship, and there was no written lease in the record). No lease between the parties appears in the record.[7] In its brief, appellee states it submitted lease agreements to the county court, and it provided citations to the clerk's record. But the citations merely lead to checks from appellant returned for insufficient funds and eviction notice letters that appellee sent to appellant. Our review of the record reveals that appellee never attached a lease to its filings or submitted one as evidence in the justice court or the county court. The only evidence purportedly memorializing the relationship between appellant and appellee is

---

[7] As noted, it is undisputed that Gonzalez leased units at the plaza in her individual capacity and on behalf of Aracely Gonzalez Insurance and Financial Services, LLC; however, those entities are not parties to the underlying suit or this appeal.

the Sales Agreement. Such agreement not only fails to definitively prove a landlord-tenant relationship, but tends to disprove that there was a landlord-tenant relationship. *See Ward*, 115 S.W.3d at 271 ("The legal effect of the contract [for deed] is the same as that of a deed with a retained vendor's lien.").

Further, the parties' actions contradict a landlord-tenant relationship. Appellant remitted an earnest money deposit to appellee as required by the Sales Agreement. Then, appellant accepted rent payments directly from the plaza tenants, paid the insurance and property taxes, and made improvements to the facility. Further, appellee sought from appellant monthly payments of over $11,000—an amount far in excess of the rent owed under the two lease agreements with the nonparties and instead more similar to the sum specified by the Sales Agreement, $11,252.88.

Still more, the reporter's record reflects that the county court explicitly evaluated title matters. First, the county court acknowledged that it cannot decide title issues and that the present case involved title issues:

> [B]oth of you seem to agree that the District Court is the one that decides title . . . . So if you all are here today to decide if I can decide title, well obviously, I'm not going to decide title . . . . This is a matter of, you have a complicated situation here with respect to who really owns this plaza . . . . So now the bottom line is now you-all have this whole title issue . . . .

But the county court then rationalized that it must find in appellee's favor as follows:

> I'm not saying that [counsel for appellant doesn't] have an equitable argument for [her] client to become owner. You-all definitely have a title dispute here, but at this point . . . [b]ecause the only warranty deed that's on file is the one that has Ms. Sesatty's name. Whether I agree with it or not, my hands are tied . . . .

8

The county court agreed with appellant's argument that this case "should have been a foreclosure." The county court declined to hear from appellant's witnesses, finding such testimony was best suited for the district court lawsuit where title was being adjudicated. But, nevertheless, the county court made the following finding of ownership: "It's unfortunate, [counsel for appellant]. [Appellee] is the owner at the end of the day."

Given the foregoing, it is clear the county court decided title issues, despite its apparent recognition that such decisions were beyond its jurisdiction. The county court determined that appellee was the "owner" because a single deed[8] that was "on file" purported to convey the plaza to appellee. However, we held in *Yarto* that the justice court lacked jurisdiction to grant possession based upon a warranty deed favoring plaintiff where there was evidence that defendant had an equitable title claim, specifically an oral contract for deed, because such involved deciding issues of title. 287 S.W.3d at 90. The reasoning behind our holding is instructive: a deed on its face provides no assurance that its grantee is the actual current title holder because (i) title may transfer outside written conveyances, *see id.* (finding a contract for deed was evidence of an equitable interest in subject property); *Ward*, 115 S.W.3d at 271 ("The legal effect of a contract [for deed] is the same as that of a deed with a retained vendor's lien."); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 16.030 (title through adverse possession), and (ii) conveyances need not be recorded to be effective as our real property recording system merely serves as a vehicle for providing notice to third parties. *See* Tex. Prop. Code Ann. § 13.002; *Burris v. McDougald*, 832 S.W.2d 707, 709 (Tex. App.—Corpus Christi–Edinburg 1992, no writ);

---

[8] This deed, while considered by the county court, was not admitted into evidence and is not in the record on appeal.

*see also Sanchez v. Montalvo*, No. 13-19-00121-CV, 2021 WL 1799829, at *6 (Tex. App.—Corpus Christi–Edinburg May 6, 2021, pet. denied) (mem. op., not designated for publication). Thus, in a forcible detainer proceeding where a landlord-tenant relationship is disputed or unproven and the trial court grants possession by favoring a deed (recorded or unrecorded) presented by plaintiff over evidence of defendant's equitable title interest, the trial court is no longer merely deciding possession issues but also title issues. *See Yarto,* 287 S.W.3d at 89. In such cases, the justice court and county court are deprived of jurisdiction. *See id.; Lopez*, 661 S.W.3d at 671. The title issue must first be resolved by the district court. *See Yarbrough,* 455 S.W.3d at 280.

Appellee counterargues that our decision in *Gomez v. Esquivel* supports jurisdiction in this case. No. 13-19-00037-CV, 2020 WL 1303233, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 19, 2020, no pet.) (mem. op.). Like the present case, the parties in *Gomez* entered a real estate sales contract. *Id*. But sometime afterward, the parties entered a renewed lease agreement. *Id*. Additionally, the *Gomez* plaintiff never operated as if title was transferred by, for example, keeping earnest money deposits, collecting sums resembling those specified by a real estate sales contract instead of a lease, or allowing defendant to manage and control the premises as a true title holder. *Id*. Instead, the *Gomez* defendant merely failed to tender the purchase price at closing. *Id*. Then, he began defaulting on rental payments owed under the renewed lease agreement. *Id*. Thereafter, plaintiff initiated a forcible detainer proceeding. *Id*. The foregoing demonstrates the issue of immediate possession in *Gomez* was independent from the title issues. *Id.* at *4. However, the facts of the present case are obviously different as

10

analyzed above and command a different result. Thus, we reject appellee's counterargument.

Given the lack of a landlord-tenant relationship, the Sales Agreement, the conduct of the parties, and the county court's evaluation of title matters, we sustain appellant's issue.

## B.      Compliance with Rule and Statute

Appellee further argues that the county court judgment should be affirmed because appellant violated Texas Rule of Civil Procedure 510.9(b) and Texas Property Code § 24.0054 by failing to deposit rental payments with the court registry during the pendency of this litigation. *See* TEX. R. CIV. P. 510.9(b); TEX. PROP. CODE ANN. § 24.0054. Appellee's arguments fail because the justice court and county court lacked subject matter jurisdiction, and when a "trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause." *Diocese of Lubbock v. Guerrero*, 624 S.W.3d 563, 564 (Tex. 2021). Thus, we reject appellee's argument.

## IV.      CONCLUSION

For the foregoing reasons, we reverse the judgment of the county court and render judgment dismissing the case for lack of jurisdiction.

JON WEST
Justice

Delivered and filed on the
31st day of July, 2025.

11